Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Morton Denlow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 2357 | **DATE** | 7/18/2000 |
| **CASE TITLE** | Commodity Futures Trading Commission vs. Joseph McGivney, et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing held and continued to 8/22/2000 at 10:00 A.M.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's motion for entry of consent orders of permanent injunction and other equitable relief against Defendants McGivney, Sr., Koziol, Jr. and JPM. Inc. and relief Defendants Wnukowski and Marita McGivney [51-1] is granted. Enter Consent Orders.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | 7-19-00 date docketed | |
| | Docketing to mail notices. | | 52 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| DK | courtroom deputy's initials | 7/18/2000 date mailed notice | |
| | | DK mailing deputy initials | |
| | Date/time received in central Clerk's Office | | |

# IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | : Civil Action No. 99 C 2357 |
| Plaintiff, | : |
| v. | : Magistrate Judge Denlow |
| JOSEPH P. McGIVNEY, Sr., EDWIN A. KOZIOL, Jr., CAPITAL STRATEGIES, INC., JPM2, INC., JPM COMMODITIES, INC., J.P.M INVESTMENTS, INC., JPM TRADERS, INC. and JPM, INC., | : |
| Defendants; | : |
| and | : |
| J.P.M.R., INC., J. TRADERS, INC., LESLIE WNUKOWSKI and MARITA McGIVNEY, | : |
| Relief Defendants. | : |



## CONSENT ORDER OF EQUITABLE RELIEF
## AGAINST LESLIE WNUKOWSKI

### I.

Plaintiff, Commodity Futures Trading Commission ("CFTC" or "Commission"),

filed a complaint against defendants Joseph P. McGivney, Sr. ("McGivney"), Edwin A.

Koziol, Jr. ("Koziol"), Capital Strategies, Inc. ("Capital"), JPM2, Inc. ("JPM2"), JPM

Commodities, Inc. ("JPMC"), JPM Investments, Inc. ("Investments"), JPM Traders, Inc.

("Traders") and JPM, Inc. ("JPM") and relief defendants J.P.M.R., Inc. ("JPMR"), J.



Traders, Inc. ("J. Traders"), Leslie Wnukowski ("Wnukowski") and Marita McGivney ("M. McGivney") on April 12, 1999, seeking injunctive and other equitable relief for violations of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. §§ 1 et seq. (1994), and the Commission Regulations promulgated thereunder, 17 C.F.R. §§ 1 et seq. (1998). On April 12, 1999, this Court entered a Statutory Restraining Order against the defendants and relief defendants.

## II.

## CONSENTS AND AGREEMENTS

To effect settlement of the matters alleged in the complaint against Wnukowski without a trial on the merits or any further judicial proceedings, relief defendant Wnukowski:

1. Consents to the entry of this Consent Order of Equitable Relief Against Leslie Wnukowski ("Order").

2. Affirms that she has agreed to this Order voluntarily, and that no promise or threat has been made by the Commission or any member, officer, agent or representative thereof, or by any other person, to induce consent to this Order, other than as set forth specifically herein.

3. Acknowledges service of the Summons and Complaint.

4. Admits jurisdiction of this Court over her and the subject matter of this action pursuant to Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a)(1994).

5. Admits that venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (1994).

6. Waives:

    a. all claims which she may possess under the Equal Access to Justice Act,

5 U.S.C. § 504 (1994) and 28 U.S.C. § 2412 (1994), as amended by Pub. L. No. 104-121,

§§ 231-32, 110 Stat. 862-63, and Part 148 of the Regulations, 17 C.F.R. § 148.1, et seq.

(1998), relating to, or arising from, this action;

    b. any claim of Double Jeopardy based upon the institution of this proceeding or

the entry in this proceeding of any order imposing a civil monetary penalty or any other

relief;

    c. the entry of findings of fact and conclusions of law pursuant to Rule 52 of the

Federal Rules of Civil Procedure, except as provided in part III below; and

    d. all rights of appeal from this Order.

    7. Acknowledges that, pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, the

Court is not ordering the immediate payment of disgorgement except as provided in

Section IV, paragraphs 1 and 2 of this Order, based upon the accuracy and completeness

of Wnukowski's sworn representations to the Commission concerning her financial

condition. Wnukowski further consents that if at any time following the entry of this

Order, the Commission obtains information indicating that Wnukowski's representations

concerning her financial condition were fraudulent, misleading, inaccurate or incomplete

in any material respect at the time they were made, the Commission may, at its sole

discretion and without prior notice to Wnukowski, petition the Court for an order

requiring Wnukowski to pay immediate disgorgement. In connection with any such

petition, the only issues shall be whether the financial information provided by

Wnukowski was fraudulent, misleading, inaccurate or incomplete in any material respect

at the time such representations were made. In any such petition, the Commission may

move the Court to consider all available remedies, including, but not limited to, ordering Wnukowski to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Order, and the Commission may also request additional discovery. Wnukowski may not, by way of defense to such petition, challenge the validity of her consent to this Consent Order, contest the allegations in the Complaint filed by the Commission or the Findings of Fact or Conclusions of Law contained in this Consent Order, contest the amount of disgorgement and/or interest, or assert that payment of disgorgement should not be ordered.

8. Stipulates that the record basis on which this Order may be entered shall consist solely of the Complaint and the findings contained in this Order.

9. Wnukowski admits the findings of fact in this Order.

10. Consents to the continued jurisdiction of this Court for the purpose of enforcing the terms and conditions of this Order and for any other purposes relevant to this case.

## III.

## FINDINGS AND CONCLUSIONS

It further appearing to this Court that there is no just reason for delay, and the Court being fully advised in the premises, Wnukowski admits the following:

1. This Court has jurisdiction over Wnukowski and the subject matter of this action pursuant to Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a) (1994).

2. Venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (1994).

3. The Commission is an independent federal regulatory agency which is charged with the responsibility for administering and enforcing the provisions of the Act, 7 U.S.C. §§ 1 et seq. (1994), and the Regulations promulgated thereunder, 17 C.F.R. §§ 1 et seq. (1998).

4. Wnukowski, who is 45 years old, resides at 5558 Maple Lane, Midlothian, Illinois 60445. Wnukowski has been registered with the Commission as a commodity trading advisor ("CTA") and as an associated person ("AP") of her CTA since March 13, 1998.

5. Commencing in at least January 1993 to the present, Wnukowski received, through McGivney and Koziol, the net sum of $168,920.48 from commodity pool investor funds.

6. Wnukowski does not have any legitimate entitlement, as an investor or otherwise, to receive the commodity pools' investors' funds.

## IV.

## ORDER FOR EQUITABLE RELIEF

IT IS ORDERED THAT:

1. <u>DISGORGEMENT</u>: Wnukowski is ordered to pay a judgment amount of one hundred and sixty eight thousand nine hundred and twenty-nine dollars and forty-eight cents ($168,920.48) in disgorgement ("Wnukowski Disgorgement Amount"), representing the amount Wnukowski was unjustifiably enriched from the pools' investors' funds. Wnukowski shall pay post-judgment interest from the date of this Order until the Wnukowski Disgorgement Amount is paid in full, at

the Treasury Bill rate prevailing on the date of this Order, pursuant to 28 U.S.C. § 1961(a).

The persons to whom the Wnukowski Disgorgement Amount shall be paid are set forth in Appendices A and B and shall be distributed to them on a pro rata basis relative to the amount of money that they are owed as restitution by McGivney.

2. <u>DEFERRAL OF DISGORGEMENT OBLIGATION</u>: For a period of three (3) years after the entry of the judgment against Wnukowski for payment of disgorgement, Wnukowski shall not be required to pay the disgorgement, based upon the accuracy and completion of her sworn representations to the Commission concerning her financial condition. After the expiration of three (3) years, the Commission is authorized to execute on any portion of the Wnukowski Disgorgement Amount that remains unpaid. If at any time following the entry of this Order, the Commission obtains information indicating that Wnukowski's representations concerning her financial condition were fraudulent, misleading, inaccurate or incomplete in any material respect at the time they were made, the Commission may, at its sole discretion and without prior notice to Wnukowski, petition the Court for an order requiring Wnukowski to immediately pay disgorgement. In connection with any such petition, the only issues shall be whether the financial information provided by Wnukowski was fraudulent, misleading, inaccurate or incomplete in any material respect at the time such representations were made. In any such petition, the Commission may move the Court to consider all available remedies, including, but not limited to, ordering

Wnukowski to pay funds or assets, directing the forfeiture of any assets, or

sanctions for contempt of this Order, and the Commission may also request

additional discovery. Wnukowski may not, by way of defense to such petition,

challenge the validity of her consent to this Consent Order, contest the allegations

in the Complaint filed by the Commission or the Findings of Fact or Conclusions

of Law contained in this Consent Order, or assert that immediate disgorgement

should not be ordered.

3. CREDIT FOR RESTITUTION PAYMENTS BY McGIVNEY: Before

the expiration of three (3) years from the date of this Order, any restitution

payments made by McGivney in excess of $100,000 shall satisfy dollar-for-dollar

the disgorgement obligation owed by Wnukowski.

4. THIRD-PARTY BENEFICIARIES: Pursuant to Rule 71 of the Federal Rules

of Civil Procedure, each of the individuals identified in Appendices A and B are

explicitly made an intended third-party beneficiary of this Order and, after a period of

three years from the date of entry of this Order, may enforce obedience of this Order to

obtain satisfaction of any portion of the Wnukowski Disgorgement Amount which has

not been paid by Wnukowski, to ensure continued compliance with any provision of this

Order and to hold Wnukowski in contempt for any past violations of any provision of this

Order.

5. Neither Wnukowski, McGivney, M. McGivney or Koziol, nor any member of

their immediate families are entitled to receive funds paid by Wnukowski as

disgorgement which are distributed to any commodity pool investor listed on Appendices

A and B.

6. <u>COLLATERAL AGREEMENTS</u>:  Wnukowski shall immediately notify the Commission if she makes or has previously made any agreement with any Pool Investor obligating her to make payments outside of this Order.  Wnukowski shall also provide immediate evidence of any payments made pursuant to such agreement in the manner required by Section V. paragraph A.  Upon being notified of any payments made by Wnukowski to pool investors outside of this Order, the Commission will have the right to make any other changes in the restitution distribution schedule that they deem appropriate.

7. <u>TRANSFER OF ASSETS</u>:  Wnukowski shall not transfer or cause others to transfer funds or other property to the custody, possession, or control of any members of her family or any other person for the purpose of concealing such funds from the Court, the Commission, or any investor or until the Wnukowski Disgorgement Amount has been paid in full.

## V.

## MISCELLANEOUS PROVISIONS

A.    <u>NOTICES</u>.  All notices required by any provision in this Order shall be sent by certified mail, return receipt requested, as follows:

<div style="margin-left:2em">

Notice to Commission:  

Director, Division of Enforcement  
Commodity Futures Trading Commission  
1155 21st Street, N.W.  
Washington, D.C.  20581  

And

</div>

Scott R.Williamson
Deputy Regional Counsel, Division of Enforcement
Commodity Futures Trading Commission
300 South Riverside Plaza
Suite 1600 North
Chicago, IL 60606

Notice to Relief Defendant:     Leslie Wnukowski
                                5558 Maple Lane
                                Midlothian, Illinois 60445

Notice to Relief Defendant's    Richard C. Leng
Attorney:                       55 W. Monroe St., Suite 2350
                                Chicago, IL 60603

The defendant must give notice to the Commission within 30 days of any change of her

mailing address.

B. ENTIRE AGREEMENT, AMENDMENTS and SEVERABILITY. This

Order incorporates all of the terms and conditions of the settlement among the parties.

Nothing shall serve to amend or modify this Order in any respect whatsoever, unless:

(1) reduced to writing, (2) signed by all parties, and (3) approved by order of the Court.

If any provision of this Order or the application of any provision or circumstance is held

invalid, the remainder of this Order shall not be affected by the holding.

C. WAIVER. The failure of any party at any time or times to require

performance of any provision hereof shall in no manner affect the right of such party at a

later time to enforce the same or any other provision of this Consent Order. No waiver in

one or more instances of the breach of any provision contained in this Order shall be

deemed to be, or construed as, a further or continuing waiver of such breach or waiver of

the breach of any other provision of this Order.

D. SUCCESSORS AND ASSIGNS.  This Order shall inure to the benefit of and be binding on the parties' successors, assigns, heirs, beneficiaries and administrators.

E. ACKNOWLEDGMENT.  Upon being served with copies of this Order after entry by the Court, Wnukowski shall sign an acknowledgment of such service and serve such acknowledgments on the Commission within seven (7) calendar days.

F.  Upon being served with copies of this Order after entry by the Court, the Commission shall serve a copy of the Order upon all persons identified as investors in Appendices A and B, within seven (7) calendar days.

G. JURISDICTION.  This Court shall retain jurisdiction of this cause to assure compliance with this Order and for all other purposes related to this action.

There being no just reason for delay, the Clerk of the Court is hereby directed to enter this Consent Order of Permanent Injunction and Other Equitable Relief Against Leslie Wnukowski.

ORDERED this 18 th day of July , 2000.

_____
UNITED STATES DISTRICT JUDGE

Consented to and
Approved for Entry by:

**RELIEF DEFENDANT**

_(signature)_

Leslie Wnukowski
5558 Maple Lane
Midlothian, IL 60445

Dated: **4/13/00**

_(signature)_

Richard C. Leng

Attorney for Relief Defendant
Leslie Wnukowski
55 W. Monroe St., Suite 2350
Chicago, IL 60603

**PLAINTIFF**

_(signature)_

Susan B. Padove
Senior Trial Attorney

Rosemary Hollinger
Senior Trial Attorney

Scott R. Williamson
Deputy Regional Counsel

Commodity Futures Trading Commission
300 South Riverside Plaza
Suite 1600 North
Chicago, IL 60606

## APPENDIX A: RESTITUTION AMOUNTS

| Last Name | First Name | Address | Amount |
|---|---|---|---|
| Annerino | Thomas J. or Augusta J. | 8453 Hollywood Dr., Orland Park, Illinois 60462 | $50,000.00 |
| Backal | Edward | 6500 W. Route 83, Palos Heights, Illinois 60463 | $25,000.00 |
| Backal | Anna | 8736 S. 50th Ave., Oak Lawn, Illinois 60453 | $60,000.00 |
| Backal Dental Labs Profit Sharing Plan/Edward Backal Trustee | | 6500 W. Route 83, Palos Heights, Illinois 60463 | $45,000.00 |
| Backal-Edward Backal Trustee/Backal Dental Labs | | 6500 W. Route 83, Palos Heights, Illinois 60463 | $19,000.00 |
| Baskin | Carl D. | 2084 Euclid Lane, Richton Park, Illinois 60471 | $10,000.00 |
| Belotti | Joseph A. | 16106 S. Princeton Ave., Tinley Park, Illinois 60477 | $5,000.00 |
| Belotti | Joseph A. or Lucy A. | 16106 S. Princeton Ave., Tinley Park, Illinois 60477 | $5,000.00 |
| Bischoff | James R. & Phyllis A. | 6406 S. Kildare Ave., Chicago, Illinois 60629 | $443.92 |
| Bischoff | James or Phyllis | 6406 S. Kildare Ave., Chicago, Illinois 60629 | $5,000.00 |
| Blonda | Mike or Bonnie | 16758 Westwind Drive, Tinley Park, Illinois 60477 | $5,583.30 |
| Boone | Howard, Jr. & Betty | 8840 W. 131st Place, Orland Park, Illinois 60462 | $5,000.00 |
| Brennan | Linda S. | 9701 S. Ridgeland Ave., Oak Lawn, IL 60453 | $6,500.00 |
| Cassidy | Robert or Joan | 1011 Chatham Place, Vernon Hills, Illinois 60061 | $5,000.00 |
| Delisa | Frank | 12717 Honore Avenue, Blue Island, Illinois 60406 | $5,000.00 |
| Egan | Anjean | 8245 Juniper Court, Palos Hills, Illinois 60465 | $35,000.00 |
| Elia | Wayne | 13048 W. Tanglewood Court, Palos Park, Illinois 60464 | $7,000.00 |
| Ford | Christopher D. | 716 Western Ave., Joliet, IL 60434 | $69,000.00 |
| Gaskey | Stanley K. or Diane L. | 7486 Wright Street, Merrillville, Indiana 46410 | $4,000.00 |
| Goins | Henderson | 244 N. Sumner Ave., Aurora, Illinois 60505 | $1,000.00 |
| Healy | Francis J. | 2625 W. 103rd Place, Chicago, Illinois 60655 | $5,000.00 |
| Healy | Colleen A. | 2625 W. 103rd Place, Chicago, Illinois 60655 | $50,000.00 |
| Heath -John F. Heath and Mary M. Heath declaration of trust #4691 | | 256 N. Raynor Ave., Joliet, Illinois 60435 | $30,000.00 |
| Kearney | Joseph H. | P.O. Box 172, Orland Park, Illinois 60462 | $11,557.92 |
| Kerr | Frederic & Sharon | 10714 Spalding, Chicago, Illinois 60655 | $9,000.00 |
| Klepps | Larry E. | Rte. 1 Box 165E, Berlin, Wisconsin 54923 | $3,000.00 |
| Komperda | Daniel | 3924 Visby Lane, Las Vegas, Nevada 89119 | $10,000.00 |
| Komperda | Richard J. | 15255 South Ave., Suite 303, Orland Park, Illinois 60462 | $30,000.00 |
| Kovach | Joseph | 525 Gordan Avenue, Calumet City, Illinois 60409 | $1,000.00 |
| Krzebiot | Edward W. | 4533 S. Mozart, Chicago, Illinois 60632 | $15,000.00 |

## APPENDIX A: RESTITUTION AMOUNTS

| Last Name | First Name | Address | Amount |
|---|---|---|---|
| Laport | Frank Leonard | 7421 W. 100th Place, Bridgeview, Illinois 60455 | $25,000.00 |
| Maloney | Lawrence E. & Judith A. | 2607 Fairway, Joliet, Illinois 60435 | $5,000.00 |
| Maziarka | Michael R. | 59 Ruggles Court, Orland Park, IL 60467-1925 | $1,000.00 |
| Maziarka | Richard P. & Patricia A. | 6546 W. 107th Street, Chicago Ridge, Illinois 60415 | $4,000.00 |
| McCarthy | Robert J., Jr. | 9869 W. 143rd Street, Orland Park, Illinois 60462 | $2,000.00 |
| McCarthy | Robert J., Sr. | 9869 W. 143rd Street, Orland Park, Illinois 60462 | $5,000.00 |
| McCarthy | Robert J., Sr. & Robert J., Jr. | 9869 W. 143rd Street, Orland Park, Illinois 60462 | $10,000.00 |
| McDonald | Chester & Faye | 17239 S. University, South Holland, Illinois 60473 | $15,000.00 |
| Mostek | Mark | 8855 W. 93rd Street, Hickory Hills, Illinois 60457 | $2,000.00 |
| Mostek | Edward or LaVerne | 8855 W. 93rd Street, Hickory Hills, Illinois 60457 | $6,000.00 |
| Nelson | Michael J. or Emily M. | 11203 S. Sawyer Ave., Chicago, Illinois 60655 | $10,000.00 |
| Niemeyer | Edwin and/or Elaine | 9655 N. Route 1, Grant Park, Illinois 60940-5253 | $12,500.00 |
| Pelnarsch | Thomas E. | 8501 S. 84th Ave., Hickory Hills, Illinois 60457 | $5,000.00 |
| Piekarz | Theodore, Sr. & Patricia | 10838 W. Minnesota Court, Bldg. 16, Unit 72, Orland Park, Illinois 60462 | $4,500.00 |
| Pollick | Judith G. | 7229 W. 57th Street, Summit, Illinois 60501 | $5,000.00 |
| Santor | Leonard | 2957 W. 82nd Street, Chicago, Illinois 60652 | $5,000.00 |
| Sedlak | Robert | 14546 Campbell Ave., Posen, Illinois 60469 | $5,000.00 |
| Sparks | Albert R. & Jeanette A. | 10415 Wyoming Court, Orland Park, Illinois 60462 | $14,000.00 |
| Stefaniak-West Suburban Bank as Custodian for Thomas P. Stefaniak/S.E.P. account #40-8122 | | 17 W 754 22nd Street, Oakbrook Terrace, Illinois 60181 | $15,000.00 |
| Suchocki | Cheryl | 15136 Central Ave., Oak Forest, IL 60452 | $13,500.00 |
| Sutter | Wesley and Mary Ann | 2506 Green Links Drive, West Allis, Wisconsin 53227 | $30,000.00 |
| Tharp | James and Joanne | 8712 W. 121st Street, Palos Park, Illinois 60464 | $20,000.00 |
| Thompson | Bruce E & Claire L. | 1831 S. Norfolk, Westchester, Illinois 60154 | $2,500.00 |
| Vinci | Nick | 5333 W. Waterbury Way, Crestwood, Illinois 60445 | $5,000.00 |
| Weisbecker | Michael | 6625 North Trumbull Ave., Chicago, IL 60645 | $1,000.00 |
| | | | |
| **TOTAL** | | | **$755,085.14** |

## APPENDIX B: REBATE POOL RESTITUTION AMOUNTS

| NAME AND ADDRESS | AMOUNT |
|---|---|
| Anderson, John<br>1601 Berkeley Way<br>Sacramento, CA 95819 | $800.00 |
| Badger. Charles And Julia<br>P 0 Box 247<br>Grand Rivers Ky | $700.00 |
| Badger, Chad And Latresa<br>2125 Trace C<br>Hayfield KY 42066 | $700.00 |
| Barrett, Warrick<br>9313 Castle Knoll<br>Indianapolis In 42066 | $700.00 |
| Bartkowiak, David<br>9832 Tiffany Drive<br>Ft Wayne, In 46804 | $800.00 |
| Baskin, Carl<br>1800 Harvard Lane<br>New Lenox, Il 60451 | $700.00 |
| Belotti, Joe<br>16106 S Princeton Ave<br>Tinley Park, Il 60477 | $700.00 |
| Bischoff, James & Phyllis<br>6406 S Kildare<br>Chicago Il, 60629 | $700.00 |
| Chilow, Steve<br>21110 West - 5830 North<br>St George, Ut 84770 | $700.00 |
| Cioe, Joseph<br>304 Queen Eleanor Drive<br>Schererville, In 46375 | $800.00 |
| Cleveland, Mike<br>340 Cleveland Farm Road<br>Sweetwater ,TN 37874 | $800.00 |
| Consola, Tim & Curt<br>14449 Appaloosa Lane<br>Lockport, Il 60441 | $800.00 |
| Cusick, Earl<br>1633 N 44th Avenue<br>Stone Park, Il 60165 | $700.00 |
| Deacetis, Norman<br>8440 W Windsor Ave<br>Chicago, Il 60656 | $800.00 |

## APPENDIX B: REBATE POOL RESTITUTION AMOUNTS

| NAME AND ADDRESS | AMOUNT |
|---|---|
| Delisa, Frank<br>12717 Honore<br>Blue Island, Il 60406 | $700.00 |
| Egan, Anjean<br>8245 Juniper Court<br>Palos Hills, Il 60465 | $700.00 |
| Ella, Wayne<br>13048 W Tanglewood Circle<br>Palos Park, Il 60464 | $700.00 |
| Faught, Ken<br>318 Mckool Avenue<br>Romeoville, Il 60446 | $800.00 |
| Fazio, Michael & Kim<br>5610 56th Ave<br>Countryside, Il 60525 | $800.00 |
| Fikes, Steve<br>10 Sugar Creek Road<br>North Little Rock, AR 72116 | $800.00 |
| Gaskey, Stanley<br>7486 Wright<br>Merrillville, In 46410 | $700.00 |
| Gerstein, Donald<br>568 Grand Point Drive<br>Hot Springs, AR 71901 | $700.00 |
| Goins, Henderson<br>244 N Sumner Avenue<br>Aurora, Il 60505 | $700.00 |
| Grebliunas, Saul<br>1228 Pomegranate Lane<br>Golden, CO 80401 | $800.00 |
| Harrison, Rich<br>5691 Mason Road<br>Mason, OH 45040 | $800.00 |
| Hartman, Ronald<br>27792 Goldin Drive<br>Madison Heights, MI 48071 | $800.00 |
| Heinrich, Ken<br>917 Pacific Ave # 411<br>Tacoma, WA 98402 | $800.00 |
| Herrington, Joan<br>10421 Wyoming Court<br>Orland Park, Il 60467 | $800.00 |

## APPENDIX B: REBATE POOL RESTITUTION AMOUNTS

| NAME AND ADDRESS | AMOUNT |
|---|---|
| Jean, Ernst<br>Po Box 634<br>Malden, MA 02148 | $800.00 |
| Johnson. George<br>705 Surrey Court<br>Streamwood, Il 60107 | $2,700.00 |
| Jones, Richard<br>1208 Via Estio<br>Santa Maria, CA 93454 | $800.00 |
| Koch, Henry<br>9421 W 173rd Street<br>Tinley Park, Il 60477 | $700.00 |
| Kroeske, Sijerand<br>Koninginnelan 4 3851 XX<br>Ermelo Netherlands | $700.00 |
| Kwiatkowski, Mark<br>20057 Pine Grove Court<br>Mokena, Il 60448 | $700.00 |
| Lin, Frederick<br>1572 Diablo Point Court<br>Chula Vista, CA 91911 | $800.00 |
| Lohn. Rick<br>26 Faraday Drive<br>Timonium, MD 21093 | $800.00 |
| Loppnow, Dean<br>4524 Capstan Drive<br>Hoffman Estates, Il 60195 | $800.00 |
| Marsten, Steven<br>508 Circle Drive<br>University Park, Il 60466 | $800.00 |
| Meyer, Don<br>D. Meyer Const Co Inc<br>22 Pierce Ave<br>Midland Park, NJ 07432 | $800.00 |
| Miller, Kenneth<br>10421 Wyoming Court<br>Orland Park, Il 60467 | $700.00 |
| Niemeyer, Edwin and Elaine<br>9655 N Rte 1<br>Grant Park, Il 60940 | $700.00 |
| Owen, James<br>18243 Olde Farm Road<br>Lansing Il 60438 | $700.00 |

## APPENDIX B: REBATE POOL RESTITUTION AMOUNTS

| NAME AND ADDRESS | AMOUNT |
|---|---|
| Palfalvi, Mark<br>36876 Magnolia Street<br>Newark, CA 94560 | $800.00 |
| Panko, Dave<br>W 181 Hwy C<br>St Cloud, WI 53079 | $700.00 |
| Pollick, Judith<br>7229 W 57th Place<br>Summit, Il 60501 | $800.00 |
| Rabenstein, Richard<br>507 Staffa Street<br>W Allenhurst, NJ 07711 | $800.00 |
| Regan, Timothy<br>5330 W Jessica Drive<br>Oak Forest, Il 60452 | $700.00 |
| Roat, Terry<br>7041 W Mather<br>Chicago Ridge, Il 60415 | $700.00 |
| Rogers, Greg<br>10624 S. Drake<br>Chicago Il, 60655 | $700.00 |
| Rosenbaum, Jodie<br>W 181 Hwy C<br>St Cloud, WI 53079 | $800.00 |
| Sanek, Christopher<br>9130 Dewberry Lane<br>Orland Park, Il 60462 | $800.00 |
| Siracusa, Joe<br>36 Longmeadow Road<br>Arlington, MA 02474 | $800.00 |
| Sluga, Dennis<br>575-1 W St Charles Road<br>Elmhurst, Il 60126 | $800.00 |
| Spreitzer, Bill & Joann<br>1005 Read Street<br>Lockport, Il 60441 | $700.00 |
| Stapseth, Gary<br>5 Bridget Court<br>Burr Ridge, Il 60521 | $800.00 |
| Stefaniak, Thomas P<br>P 0 Box 1128<br>Calumet City, Il 60409 | $700.00 |

## APPENDIX B: REBATE POOL RESTITUTION AMOUNTS

| NAME AND ADDRESS | AMOUNT |
|---|---|
| Stratton, Donald<br>9 Orense Way<br>Hot Springs Village, AR 7190 | $700.00 |
| Sutter, Wesley<br>2506 Green Links Drive<br>West Allis, WI 53227 | $700.00 |
| Tablerion, John<br>14345 Ridge Avenue<br>Orland Park, Il 60462 | $700.00 |
| Travis. Brooks<br>3647 Ronald Road<br>Crete, Il 60411 | $700.00 |
| Vinci, Nick<br>5333 W Waterbury Way<br>Crestwood, Il 60445 | $700.00 |
| Whitlow, Robert<br>5826 W West End Ave<br>Chicago, Il 60644 | $700.00 |
| Wilkins, Thomas<br>626 E Woodland Park<br>Chicago, Il 60616 | $700.00 |
| TOTAL | $49,000.00 |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

COMMODITY FUTURES TRADING COMMISSION,

Plaintiff,

v.

JOSEPH P. McGIVNEY, Sr.,
EDWIN A. KOZIOL, Jr.,
CAPITAL STRATEGIES, INC.,
JPM2, INC.,
JPM COMMODITIES, INC.,
J.P.M INVESTMENTS, INC.,
JPM TRADERS, INC. and
JPM, INC.,

Defendants;

and

J.P.M.R., INC.,
J. TRADERS, INC.,
LESLIE WNUKOWSKI and
MARITA McGIVNEY,

Relief Defendants.

Civil Action No. 99 C 2357

Magistrate Judge Denlow

## CONSENT ORDER OF PERMANENT INJUNCTION AND OTHER
## EQUITABLE RELIEF AGAINST JOSEPH P. McGIVNEY, SR.

### I.

Plaintiff, Commodity Futures Trading Commission ("CFTC" or "Commission"), filed a

complaint against defendants Joseph P. McGivney, Sr. ("McGivney"), Edwin A. Koziol, Jr.

("Koziol"), Capital Strategies, Inc. ("Capital"), JPM2, Inc. ("JPM2"), JPM Commodities, Inc.

("JPMC"), JPM Investments, Inc. ("Investments"), JPM Traders, Inc. ("Traders") and JPM, Inc.

("JPM") and relief defendants J.P.M.R., Inc. ("JPMR"), J. Traders, Inc. ("J. Traders"), Leslie

Wnukowski ("Wnukowski") and Marita McGivney ("M. McGivney") on April 12, 1999, seeking injunctive and other equitable relief for violations of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. §§ 1 et seq. (1994), and the Commission Regulations promulgated thereunder, 17 C.F.R. §§ 1 et seq. (1998). On April 12, 1999, this Court entered a Statutory Restraining Order against the defendants and relief defendants. This order was subsequently modified, in part, to permit certain of the defendants to continue to issue and to solicit subscribers for the JPM hotline.

## II.

### CONSENTS AND AGREEMENTS

To effect settlement of the matters alleged in the complaint against McGivney without a trial on the merits or any further judicial proceedings, defendant McGivney:

1. Consents to the entry of this Consent Order of Permanent Injunction and Other Equitable Relief Against Joseph P. McGivney, Sr. ("Order").

2. Affirms that he has agreed to this Order voluntarily, and that no promise or threat has been made by the Commission or any member, officer, agent or representative thereof, or by any other person, to induce consent to this Order, other than as set forth specifically herein.

3. Acknowledges service of the Summons and Complaint.

4. Admits jurisdiction of this Court over him and the subject matter of this action pursuant to Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a) (1994).

5. Admits that venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (1994).

6. Waives:

a. all claims which he may possess under the Equal Access to Justice Act, 5 U.S.C. § 504 (1994) and 28 U.S.C. § 2412 (1994), as amended by Pub. L. No. 104-121, §§ 231-32, 110 Stat.

862-63, and Part 148 of the Regulations, 17 C.F.R. § 148.1, et seq. (1998), relating to, or arising

from, this action;

      b. any claim of Double Jeopardy based upon the institution of this proceeding or the

entry in this proceeding of any order imposing a civil monetary penalty or any other relief;

      c. the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal

Rules of Civil Procedure, except as provided in paragraph 10 below and set forth in Section III;

and

      d. all rights of appeal from this Order.

      7. Acknowledges that, pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, the Court is

not ordering the payment of a civil monetary penalty based upon the accuracy and completeness

of McGivney's sworn representations to the Commission concerning his financial condition.

McGivney further consents that if at any time following the entry of this Order, the Commission

obtains information indicating that McGivney's representations concerning his financial

condition were fraudulent, misleading, inaccurate or incomplete in any material respect at the

time they were made, the Commission may, at its sole discretion and without prior notice to

McGivney, petition the Court for an order requiring McGivney to pay a civil monetary penalty.

In connection with any such petition, the only issues shall be whether the financial information

provided by McGivney was fraudulent, misleading, inaccurate or incomplete in any material

respect at the time such representations were made and the amount of civil monetary penalty to

be ordered. In any such petition, the Commission may move the Court to consider all available

remedies, including, but not limited to, ordering McGivney to pay funds or assets, directing the

forfeiture of any assets, or sanctions for contempt of this Order, and the Commission may also

request additional discovery. McGivney may not, by way of defense to such petition, challenge

the validity of his consent to this Consent Order, contest the allegations in the Complaint filed by the Commission or the Findings of Fact or Conclusions of Law contained in this Consent Order, or, assert that a civil monetary penalty should not be ordered.

8. Agrees that neither McGivney nor any of his agents or employees under his authority or control shall take any action or make any public statement denying, directly or indirectly, any findings or conclusions in the Order, or creating or tending to create, the impression that the Order is without a factual basis; provided, however, that nothing in this provision shall affect McGivney's: (i) testimonial obligations, or (ii) right to take legal positions in other proceedings to which the Commission is not a party. McGivney will undertake all steps necessary to assure that all of his agents and his employees understand and comply with this agreement.

9. Stipulates that the record basis on which this Order may be entered shall consist solely of the Complaint and the findings contained in this Order.

10. McGivney neither admits nor denies the allegations of the Complaint and the findings of fact in this Order. However, McGivney agrees that the parties to this Order intend that all of the findings of fact in this Order shall be given preclusive effect without further proof in any subsequent bankruptcy proceeding filed by, on behalf of, or against McGivney for the purpose of determining whether the restitution obligations of McGivney and/or other payments ordered against him are excepted from discharge. McGivney also consents to the use of the findings contained in this Order, in this proceeding and in any other proceedings brought by the Commission or to which the Commission is a party. McGivney shall provide immediate notice of any bankruptcy proceeding filed by, on behalf of or against McGivney in the manner required by Section VI. Part A. of this Order.

11. Consents to the continued jurisdiction of this Court for the purpose of enforcing the terms and conditions of this Order and for any other purposes relevant to this case.

## III.

### FINDINGS AND CONCLUSIONS

It further appearing to this Court that there is no just reason for delay, and the Court being fully advised in the premises, the Court finds the following:

1. This Court has jurisdiction over McGivney and the subject matter of this action pursuant to Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a) (1994).

2. Venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (1994).

3. The Commission is an independent federal regulatory agency which is charged with the responsibility for administering and enforcing the provisions of the Act, 7 U.S.C. §§ 1 et seq. (1994), and the Regulations promulgated thereunder, 17 C.F.R. §§ 1 et seq. (1998).

4. McGivney, who is 60 years old, resides at 5558 Maple Lane, Midlothian, Illinois 60445. McGivney was registered as a commodity pool operator ("CPO") and an associated person ("AP") of a registered commodity trading advisor ("CTA") and introducing broker ("IB") until those registrations were revoked on December 17, 1990. He is not currently registered with the Commission in any capacity nor was he registered in any capacity at the time of the conduct set forth herein.

COMMODITY POOLS FROM 1993 TO 1998

5. Commencing in at least January 1993 to the present, McGivney and Capital, JPM2, JPMC and Traders (hereinafter collectively referred to as the "Corporations") have operated a series of commodity pools.

6. In connection with soliciting and receiving money for investment in commodity

futures contracts, McGivney and the Corporations made some or all of the following representations to investors and potential investors in the pools, verbally and in writing:

    a. The Capital and JPM2 pools were profitably trading commodity futures;

    b. McGivney and the Corporations would repay investors by a certain date, when they knew that their ability to repay depended on their receiving money from new investors;

    c. McGivney and the Corporations would pool at least some portion of the investors' money with other investor money and use those funds to trade commodity futures in an account at a futures commission merchant ("FCM") at a time when McGivney and the Corporations were not trading commodity futures;

    d. McGivney, Capital and JPM2 would mail commodity trading account statements to the investors on a monthly or quarterly basis; and

    e. Investors in the pools would receive a proportionate share of any realized commodity futures trading profits.

McGivney knew or recklessly disregarded the fact that the foregoing representations were false.

    7. The pool agreements between the investors and Capital, JPM2 and JPMC provided that they would receive a set amount of interest during the term of their investment, and also the return of their principal at the end of the term, and would be entitled to "bonus interest" from the trading of commodity futures by McGivney and Capital, JPM2 and JPMC, respectively. The "bonus interest" was an "incentive" for the investors to enter into agreements with Capital, JPM2 and JPMC. The Court finds that these agreements suggest that the investors did not bear any risk of loss from the commodity futures trading conducted by McGivney, Capital, JPM2 and JPMC.

    8. The pool agreements between the investors and Traders provided that the investors would receive a set amount of interest during the term of their investment, and the return of their principal at the end of the term. In addition, McGivney and Traders would invest half the investment proceeds into a "special investment account," wherein an investor's funds would be commingled with those of other investors. The agreements further provided that the investors would be entitled to "their pro-rata share" of the gross profit from trading by McGivney and

Traders in investments which may include commodity futures. The effect of this agreement was to suggest that the investors did not bear any risk of loss from the commodity futures trading conducted by McGivney and Traders.

9. Prospective participants in the commodity pools relied upon the representations as set forth in paragraph 6 above, and in the language of the pool agreements as set forth in paragraphs 7 and 8 above, in making their decision to invest in the commodity pools.

10. McGivney and the Corporations did not deliver a Disclosure Document to prospective participants in the Pools in connection with their solicitation of commodity pool investors.

11. A Disclosure Document provides prospective pool participants with information needed in order to make informed investment decisions. It must contain the information set forth in Regulation 4.24, 17 C.F.R. § 4.24 (1998), including risk disclosures and performance data, such as the pool's actual performance since its inception, the performance of any other pools operated by the CPO, and the performance of any other accounts traded by the CPO.

12. McGivney, Koziol and the Corporations accepted at least $957,583 from 72 investors from 1993 to 1998.

13. McGivney and Koziol deposited the funds received by them into bank accounts in the names of the Corporations, and both McGivney and Koziol were signatories on those bank accounts. In fact, Koziol controlled the checking accounts for all the Corporations.

14. McGivney and Koziol opened trading accounts for Capital, JPM2, JPMC and JPMR at the following futures commission merchants ("FCMS"): Iowa Grain Company, Quantum Financial Services, Inc. and Rosenthal Collins Group, L.P. The account papers for those accounts authorized both McGivney and Koziol to make the specific commodity trading

decisions for the JPM2, Capital and JPMC Pools. In fact, however, McGivney made all the trading decisions for the accounts.

15. Between January 1993 and July 1996, McGivney, Koziol and the Corporations invested a net of only $107,112 in futures trading accounts. During that period, those accounts lost a cumulative total of $78,462.

16. McGivney, Koziol and the Corporations have made no deposits into futures trading accounts since July 1996 and have engaged in no futures trading since August 1996, although they continued to solicit new investors for the Pools.

17. McGivney, Koziol and the Corporations commingled investor funds from the Pools with the Corporations' funds and their personal funds.

18. From January 1993 to the present, McGivney and Koziol used some of the investors' funds to make returns of principal and purported profits to other investors. The Court finds that these payments deceived the pool participants into believing that their funds were being utilized to profitably trade commodity futures.

19. McGivney, Capital and JPM2 encouraged Capital and JPM2 investors to roll-over their investments into investments with JPMR or JPMC or re-invest their payouts in new investments with JPMR or JPMC. McGivney, Capital and JPM2 did this to avoid paying the funds owed to the Capital and JPM2 investors. Most of the Capital and JPM2 investors did, in fact, roll-over their investment or re-invest their payouts and have never been repaid.

20. McGivney, Capital and JPM2 drafted and sent through the mail summaries of the commodity futures trading results purportedly obtained on behalf of Capital and JPM2. These statements falsely reported the magnitude and profitability of the commodity futures trades made on behalf of Capital and JPM2 and the investors' pro rata interest in the trading profits.

21. McGivney, Koziol and the Corporations have repaid only $202,498 of the $957,583 they solicited and accepted from investors, and therefore still owe $755,085 to investors. Of this amount:

    a. A total of at least $248,282 is owed to 18 Capital investors;

    b. A total of at least $293,720 is owed to 37 JPM2 investors by JPMR and at least an additional $10,000 is owed to a JPM2 investor by JPMC;

    c. A total of at least $130,583 is owed to 15 JPMC investors; and

    d. A total of at least $72,500 is owed to 3 Traders investors.

22. McGivney and Koziol used nearly all of the approximately $755,085 in investors' funds that they received and did not return over the past six years for their own use and for that of the Corporations. Among other things, McGivney and Koziol used investor funds to compensate themselves, to pay for the operating expenses of the Corporations, the rent, car payments and other personal living expenses of McGivney, and to make payments to J. Traders, Wnukowski (McGivney's friend), and M. McGivney (McGivney's ex-wife).

23. McGivney and Koziol knew that the Corporations had not engaged in profitable futures trading or any revenue-generating activities sufficient to repay investors.

"PERFORMANCE REBATE" COMMODITY POOL

24. In February 1999, McGivney and JPM began soliciting investors for investment in a commodity pool called the "performance rebate."

25. McGivney and JPM represented to potential participants in this pool that:

    a. This pool would be funded by diverting one-half of JPM's commodity hotline subscriber fees for investment in commodity futures;

    b. The investors' funds would be placed into a specific corporate trading account;

    c. The objective for this trading account was "10 to 1 in 12 months."

The Court finds that McGivney knew or recklessly disregarded that these statements had no basis in fact at the time that he made them.

26. Prospective participants in the performance rebate pool relied upon the representations set forth in paragraph 25 in deciding whether to invest in this commodity pool.

27. McGivney and JPM never deposited the performance rebate investors' funds in a specific corporate trading account and never traded commodity futures with their funds.

28. McGivney, Koziol and JPM commingled investor funds from the performance rebate pool with JPM's funds and their personal funds and thereby misappropriated those funds. Among other things, McGivney and Koziol used performance rebate investor funds to compensate themselves, to pay for the operating expenses of JPM, the personal living expenses of McGivney, and to make payments to Wnukowski and M. McGivney.

29. A total of $49,000 is owed to 63 participants in the performance rebate pool.

30. McGivney and Koziol knew that JPM had not engaged in any profitable futures trading or any revenue-generating activities sufficient to repay investors.

RELIEF DEFENDANTS

31. From 1993 to the present, McGivney paid relief defendant Wnukowski a net amount of $168,920.48 from investor funds, and Wnukowski does not have any legitimate entitlement, as an investor or otherwise, to receive the Pools' investors funds.

32. From 1993 to the present, McGivney paid relief defendant M. McGivney a net amount of $100,000 from investor funds, and M. McGivney does not have any legitimate entitlement, as an investor or otherwise, to receive the Pools' investors funds.

# IV.

## ORDER FOR PERMANENT INJUNCTION

**IT IS HEREBY ORDERED THAT:**

1. McGivney is permanently **RESTRAINED, ENJOINED AND PROHIBITED** from directly or indirectly:

    a. cheating or defrauding or attempting to cheat or defraud other persons in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, made, or to be made, for or on behalf of any other person if such contract for future delivery is or may be used for (A) hedging any transaction in interstate commerce in such commodity or the products or byproducts thereof, or (B) determining the price basis of any transaction in interstate commerce in such commodity, or (C) delivering any such commodity sold, shipped, or received in interstate commerce for the fulfillment thereof, in violation of Section 4b(a)(i) of the Act, 7 U.S.C. § 6b(a)(i) (1994);

    b. willfully making or causing to be made to another person any false report or statement thereof, in violation of Section 4b(a)(ii) of the Act, 7 U.S.C. § 6b(a)(ii) (1994);

    c. acting as a CPO without being registered with the Commission, in violation of Section 4m(1) of the Act, 7 U.S.C. § 6m(1) (1994);

    d. acting as a CTA where registration as a CTA is required, without being registered with the Commission as a CTA, in violation of Section 4m(1) of the Act, 7 U.S.C. § 6m(1) (1994);

    e. employing any device, scheme, or artifice to defraud any participant or client or prospective client or participant, or engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or participant or prospective client or prospective participant while acting as a CPO or a CTA, by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly, in violation of Section 4o(1) of the Act, 7 U.S.C. § 6o(1);

    f. failing to operate a commodity pool as an entity cognizable as a separate legal entity, in violation of Regulation 4.20(a)(1), 17 C.F.R. § 4.20(a)(1);

    g. commingling the property of any pool that he operates or intends to operate with the property of any other person, in violation of Regulation 4.20(c), 17 C.F.R. § 4.20(c); and

    h. failing to deliver to prospective pool participants a pool Disclosure Document containing the information set forth in Regulation 4.24, 17 C.F.R. § 4.24, in violation of Regulation 4.21, 17 C.F.R. § 4.21.

11

2. McGivney shall be permanently restrained, enjoined and prohibited from directly or indirectly:

      a. trading on or subject to the rules of any contract market;

      b. engaging in, controlling or directing the trading for any commodity interest account for on behalf of any person or entity, whether by power of attorney or otherwise; and

      c. applying for registration or seeking exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration, or acting as an agent or officer of any person registered, exempted from registration or required to be registered with the Commission. This includes, but is not limited to, soliciting, accepting or receiving any funds, revenue or other property from any person, giving commodity trading advice based on, or tailored to, the commodity interest or cash market positions or other circumstances or characteristics of the particular clients, or soliciting prospective customers, related to the purchase or sale of any commodity futures or options on commodity futures contracts; provided, however, that this shall not apply to the provision of only impersonal commodity trading advice disseminated through media such as Internet web sites, facsimiles and periodicals, if McGivney does not exercise discretionary control over his clients' accounts, the advice is not tailored to the financial situation of any specific client, McGivney does not have personal contact with his clients concerning investments in commodity futures or commodity options, and all of the information provided to each client is identical.

3. The injunctive provisions of this Order shall be binding upon McGivney, upon any person insofar as he or she is acting in the capacity of officer, agent, servant or employee of McGivney, and upon any person who receives actual notice of this Order, by personal service or otherwise, insofar as he or she is acting in active concert or participation with McGivney.

<div align="center">

**V.**

**<u>ORDER FOR OTHER EQUITABLE RELIEF</u>**

</div>

IT IS FURTHER ORDERED THAT:

1. <u>RESTITUTION</u>: McGivney shall be jointly and severally liable with Koziol to pay restitution in the amount of in the amount of seven hundred and fifty-five thousand and eighty-five dollars ($755,085) ("Restitution Amount"), plus prejudgment interest of

<div align="center">12</div>

one hundred and fifteen thousand nine hundred and fifty dollars ($115,950), to

compensate the persons whose funds McGivney solicited, received and disposed of in

connection with the Corporations' commodity pools in violation of the statutory and

other provisions identified herein and shall be jointly and severally liable with Koziol and

JPM to pay restitution in the amount of forty-nine thousand dollars ($49,000) (Rebate

Pool Restitution Amount), plus prejudgment interest of three thousand six hundred and

ninety-three dollars ($3,693), to compensate the persons whose funds McGivney received

and disposed of in connection with the Performance Rebate pool in violation of the

statutory and other provisions identified herein. McGivney shall pay postjudgment

interest from the date of this Order until the Restitution Amount and Rebate Pool

Restitution Amount are paid in full, at the Treasury Bill rate prevailing on the date of this

Order, pursuant to 28 U.S.C. § 1961(a). The persons to whom the Restitution Amount

shall be paid and the principal amounts of restitution owed to each are set forth in

Appendix A. The persons to whom the Rebate Pool Restitution Amount shall be paid

and the principal amounts of restitution owed to each are set forth in Appendix B.

Omission from Appendices A or B shall in no way limit the ability of any investor from

seeking recovery from McGivney or any other person or entity. Further, the amounts

contained in Appendices A and B shall not limit the ability of any investor from proving

that a greater amount is owed from McGivney or any other person or entity, and nothing

herein shall be construed in any way to limit or abridge the rights of any investor that

exist under state or common law.

    2. <u>THIRD-PARTY BENEFICIARIES</u>: Pursuant to Rule 71 of the Federal Rules of Civil

Procedure, each of the individuals identified in Appendices A and B are explicitly made an

intended third-party beneficiary of this Order and may enforce obedience of this Order to obtain satisfaction of any portion of the Restitution Amount or Rebate Pool Restitution Amount which has not been paid by McGivney, Koziol or JPM, to ensure continued compliance with any provision of this Order and to hold McGivney in contempt for any past violations of any provision of this Order.

3.  Neither McGivney, Koziol,  Wnukowski, nor M. McGivney, nor any member of their immediate families are entitled to restitution in any amount for any funds invested in JPM, the Performance Rebate Pool or any McGivney commodity pool.

4.  <u>COLLATERAL AGREEMENTS</u>:  McGivney shall immediately notify the Commission if he makes or has previously made any agreement with any Pool Investor obligating him to make payments outside of this Order.  McGivney shall also provide immediate evidence of any payments made pursuant to such agreement in the manner required by Section VI. paragraph A.  Upon being notified of any payments made by McGivney to pool investors outside of this Order, the Commission will have the right to reduce and offset McGivney' obligation to specified investors, on an annual basis, and to  make any other changes in the restitution distribution schedule that they deem appropriate.

5.   <u>DISGORGEMENT</u>:  McGivney is ordered to pay eight hundred and four thousand and eighty-five dollars ($804,085) in disgorgement, representing the amount McGivney was unjustifiably enriched from the pools' investors' funds.  Payment of disgorgement may be satisfied dollar-for-dollar by his payment of  Restitution pursuant to paragraph 1 of this Section, or by payments of disgorgement by relief defendants M. McGivney or Wnukowski.

6.  <u>TRANSFER OF ASSETS</u>:  McGivney shall not transfer or cause others to transfer funds or other property to the custody, possession, or control of any members of his family or

any other person for the purpose of concealing such funds from the Court, the Commission, or any investor or until the Restitution Amounts have been paid in full.

7. CIVIL MONETARY PENALTY: The Court is not ordering the payment of a civil monetary penalty, pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, based upon the accuracy and completeness of McGivney's sworn representations to the Commission concerning his financial condition. If at any time following the entry of this Order, the Commission obtains information indicating that McGivney's representations concerning his financial condition were fraudulent, misleading, inaccurate or incomplete in any material respect at the time they were made, the Commission may, at its sole discretion and without prior notice to McGivney, petition the Court for an order requiring McGivney to pay a civil monetary penalty. In connection with any such petition, the only issues shall be whether the financial information provided by McGivney was fraudulent, misleading, inaccurate or incomplete in any material respect at the time such representations were made and the amount of civil monetary penalty to be ordered. In any such petition, the Commission may move the Court to consider all available remedies, including, but not limited to, ordering McGivney to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Order, and the Commission may also request additional discovery. McGivney may not, by way of defense to such petition, challenge the validity of his consent to this Consent Order, contest the allegations in the Complaint filed by the Commission or the Findings of Fact or Conclusions of Law contained in this Consent Order, or assert that a civil monetary penalty should not be ordered.

8. DEFAULT: Any failure by McGivney to carry out any of the terms, conditions or obligations under any paragraph of this Order shall constitute an Event of Default under this Order. If any Event of Default occurs and, if capable of being cured, is not cured within ten (10)

calendar days following the Commission's (or its designee) mailing of notice of such Event of Default to McGivney, the Commission (or its designee) and/or any pool participant identified in Appendices A and B shall be entitled to:

a. petition the Court to consider all available remedies including, but not limited to, imposing sanctions for contempt of this Order;

b. enforce and take all legal steps necessary to satisfy the Permanent Injunction and otherwise declare the terms and conditions contained in this Order null, void and without legal force;

c. pursue McGivney for any and all additional claims and causes of action of any nature, in law or in equity, which the Commission or any pool participant have, may have or may have had against McGivney; and

d. use any statement heretofore or hereafter made by McGivney as evidence against him.

McGivney expressly agrees and this Court orders that upon the occurrence of an Event of Default, McGivney will be barred from: (1) asserting any defense, including expiration of any statute of limitations, waiver, estoppel or laches, where such defense is based on the alleged failure of the Commission or any Pool Investor to pursue such claims or causes of action during the pendency of this civil action, during the negotiation of McGivney' agreement to this Consent Order or while this Consent Order remains in effect; and/or (2) objecting to, defending against or otherwise disputing the non-dischargeability of his obligations, including his obligations under this Consent Order.

## VI.

## MISCELLANEOUS PROVISIONS

A. NOTICES. All notices required by any provision in this Order shall be sent by certified mail, return receipt requested, as follows:

Notice to Commission:         Director, Division of Enforcement
                              Commodity Futures Trading Commission
                              1155 21st Street, N.W.
                              Washington, D.C.  20581

                                    And

                              Scott R. Williamson
                              Deputy Regional Counsel, Division of Enforcement
                              Commodity Futures Trading Commission
                              300 South Riverside Plaza
                              Suite 1600 North
                              Chicago, IL  60606


Notice to Defendant:          Joseph P. McGivney, Sr.
                              5558 Maple Lane
                              Midlothian, Illinois 60445

Notice to Defendant's Attorney:   Richard C. Leng
                              55 W. Monroe St., Suite 2350
                              Chicago, IL 60603


The defendant must give notice to the Commission within 30 days of any change of his mailing address.

   B.  <u>ENTIRE AGREEMENT, AMENDMENTS and SEVERABILITY</u>.  This Order incorporates all of the terms and conditions of the settlement among the parties.  Nothing shall serve to amend or modify this Order in any respect whatsoever, unless:  (1) reduced to writing, (2) signed by all parties, and (3) approved by order of the Court.  If any provision of this Order or the application of any provision or circumstance is held invalid, the remainder of this Order shall not be affected by the holding.

   C.  <u>WAIVER</u>.  The failure of any party at any time or times to require performance of any provision hereof shall in no manner affect the right of such party at a later time to enforce

the same or any other provision of this Consent Order. No waiver in one or more instances of the breach of any provision contained in this Order shall be deemed to be, or construed as, a further or continuing waiver of such breach or waiver of the breach of any other provision of this Order.

D. SUCCESSORS AND ASSIGNS. This Order shall inure to the benefit of and be binding on the parties' successors, assigns, heirs, beneficiaries and administrators.

E. ACKNOWLEDGMENT. Upon being served with copies of this Order after entry by the Court, McGivney shall sign an acknowledgment of such service and serve such acknowledgments on the Commission within seven (7) calendar days.

F. Upon being served with copies of this Order after entry by the Court, the Commission shall serve a copy of the Order upon all persons identified as investors in Appendices A and B, within seven (7) calendar days.

G. JURISDICTION. This Court shall retain jurisdiction of this cause to assure compliance with this Order and for all other purposes related to this action.

There being no just reason for delay, the Clerk of the Court is hereby directed to enter this Consent Order of Permanent Injunction and Other Equitable Relief Against Joseph P. McGivney.

**ORDERED** this 18th day of July, 2000.

_____
UNITED STATES ~~DISTRICT~~ JUDGE
MAGISTRATE

Consented to and
Approved for Entry by:

**DEFENDANT**                                      **PLAINTIFF**

Joseph P. McGivney, Sr.                            Susan B. Padove
5558 Maple Lane                                    Senior Trial Attorney
Midlothian, IL 60445

Dated: _____4/13/00_____                           Rosemary Hollinger
                                                   Senior Trial Attorney

Richard C. Leng                                    Scott R. Williamson
                                                   Deputy Regional Counsel
Attorney for Defendant Joseph P.
McGivney, Sr.                                       Commodity Futures Trading Commission
55 W. Monroe St., Suite 2350                       300 South Riverside Plaza
Chicago, IL 60603                                  Suite 1600 North
                                                   Chicago, IL 60606

## APPENDIX A: RESTITUTION AMOUNTS

| Last Name | First Name | Address | Amount |
|---|---|---|---|
| Annerino | Thomas J. or Augusta J. | 8453 Hollywood Dr., Orland Park, Illinois 60462 | $50,000.00 |
| Backal | Edward | 6500 W. Route 83, Palos Heights, Illinois 60463 | $25,000.00 |
| Backal | Anna | 8736 S. 50th Ave., Oak Lawn, Illinois 60453 | $60,000.00 |
| Backal Dental Labs Profit Sharing Plan/Edward Backal Trustee | | 6500 W. Route 83, Palos Heights, Illinois 60463 | $45,000.00 |
| Backal-Edward Backal Trustee/Backal Dental Labs | | 6500 W. Route 83, Palos Heights, Illinois 60463 | $19,000.00 |
| Baskin | Carl D. | 2084 Euclid Lane, Richton Park, Illinois 60471 | $10,000.00 |
| Belotti | Joseph A. | 16106 S. Princeton Ave., Tinley Park, Illinois 60477 | $5,000.00 |
| Belotti | Joseph A. or Lucy A. | 16106 S. Princeton Ave., Tinley Park, Illinois 60477 | $5,000.00 |
| Bischoff | James R. & Phyllis A. | 6406 S. Kildare Ave., Chicago, Illinois 60629 | $443.92 |
| Bischoff | James or Phyllis | 6406 S. Kildare Ave., Chicago, Illinois 60629 | $5,000.00 |
| Blonda | Mike or Bonnie | 16758 Westwind Drive, Tinley Park, Illinois 60477 | $5,583.30 |
| Boone | Howard, Jr. & Betty | 8840 W. 131st Place, Orland Park, Illinois 60462 | $5,000.00 |
| Brennan | Linda S. | 9701 S. Ridgeland Ave., OaK Lawn, IL 60453 | $6,500.00 |
| Cassidy | Robert or Joan | 1011 Chatham Place, Vernon Hills, Illinois 60061 | $5,000.00 |
| Delisa | Frank | 12717 Honore Avenue, Blue Island, Illinois 60406 | $5,000.00 |
| Egan | Anjean | 8245 Juniper Court, Palos Hills, IIllinois 60465 | $35,000.00 |
| Elia | Wayne | 13048 W. Tanglewood Court, Palos Park, Illinois 60464 | $7,000.00 |
| Ford | Christopher D. | 716 Western Ave., Joliet, IL 60434 | $69,000.00 |
| Gaskey | Stanley K. or Diane L. | 7486 Wright Street, Merrillville, Indiana 46410 | $4,000.00 |
| Goins | Henderson | 244 N. Sumner Ave., Aurora, Illinois 60505 | $1,000.00 |
| Healy | Francis J. | 2625 W. 103rd Place, Chicago, Illinois 60655 | $5,000.00 |
| Healy | Colleen A. | 2625 W. 103rd Place, Chicago, Illinois 60655 | $50,000.00 |
| Heath -John F. Heath and Mary M. Heath declaration of trust #4691 | | 256 N. Raynor Ave., Joliet, Illinois 60435 | $30,000.00 |
| Kearney | Joseph H. | P.O. Box 172, Orland Park, Illinois 60462 | $11,557.92 |
| Kerr | Frederic & Sharon | 10714 Spalding, Chicago, Illinois 60655 | $9,000.00 |
| Klepps | Larry E. | Rte. 1 Box 165E, Berlin, Wisconsin 54923 | $3,000.00 |
| Komperda | Daniel | 3924 Visby Lane, Las Vegas, Nevada 89119 | $10,000.00 |
| Komperda | Richard J. | 15255 South Ave., Suite 303, Orland Park, Illinois 60462 | $30,000.00 |
| Kovach | Joseph | 525 Gordan Avenue, Calumet City, Illinois 60409 | $1,000.00 |
| Krzebiot | Edward W. | 4533 S. Mozart, Chicago, Illinois 60632 | $15,000.00 |

## APPENDIX A: RESTITUTION AMOUNTS

| Last Name | First Name | Address | Amount |
|---|---|---|---|
| Laport | Frank Leonard | 7421 W. 100th Place, Bridgeview, Illinois 60455 | $25,000.00 |
| Maloney | Lawrence E. & Judith A. | 2607 Fairway, Joliet, Illinois 60435 | $5,000.00 |
| Maziarka | Michael R. | 59 Ruggles Court, Orland Park, IL 60467-1925 | $1,000.00 |
| Maziarka | Richard P. & Patricia A. | 6546 W. 107th Street, Chicago Ridge, Illinois 60415 | $4,000.00 |
| McCarthy | Robert J., Jr. | 9869 W. 143rd Street, Orland Park, Illinois 60462 | $2,000.00 |
| McCarthy | Robert J., Sr. | 9869 W. 143rd Street, Orland Park, Illinois 60462 | $5,000.00 |
| McCarthy | Robert J., Sr. & Robert J., Jr. | 9869 W. 143rd Street, Orland Park, Illinois 60462 | $10,000.00 |
| McDonald | Chester & Faye | 17239 S. University, South Holland, Illinois 60473 | $15,000.00 |
| Mostek | Mark | 8855 W. 93rd Street, Hickory Hills, Illinois 60457 | $2,000.00 |
| Mostek | Edward or LaVerne | 8855 W. 93rd Street, Hickory Hills, Illinois 60457 | $6,000.00 |
| Nelson | Michael J. or Emily M. | 11203 S. Sawyer Ave., Chicago, Illinois 60655 | $10,000.00 |
| Niemeyer | Edwin and/or Elaine | 9655 N. Route 1, Grant Park, Illinois 60940-5253 | $12,500.00 |
| Pelnarsch | Thomas E. | 8501 S. 84th Ave., Hickory Hills, Illinois 60457 | $5,000.00 |
| Piekarz | Theodore, Sr. & Patricia | 10838 W. Minnesota Court, Bldg. 16, Unit 72, Orland Park, Illinois 60462 | $4,500.00 |
| Pollick | Judith G. | 7229 W. 57th Street, Summit, Illinois 60501 | $5,000.00 |
| Santor | Leonard | 2957 W. 82nd Street, Chicago, Illinois 60652 | $5,000.00 |
| Sedlak | Robert | 14546 Campbell Ave., Posen, Illinois 60469 | $5,000.00 |
| Sparks | Albert R. & Jeanette A. | 10415 Wyoming Court, Orland Park, Illinois 60462 | $14,000.00 |
| Stefaniak-West Suburban Bank as Custodian for Thomas P. Stefaniak/S.E.P. account #40-8122 | | 17 W 754 22nd Street, Oakbrook Terrace, Illinois 60181 | $15,000.00 |
| Suchocki | Cheryl | 15136 Central Ave., Oak Forest, IL 60452 | $13,500.00 |
| Sutter | Wesley and Mary Ann | 2506 Green Links Drive, West Allis, Wisconsin 53227 | $30,000.00 |
| Tharp | James and Joanne | 8712 W. 121st Street, Palos Park, Illinois 60464 | $20,000.00 |
| Thompson | Bruce E & Claire L. | 1831 S. Norfolk, Westchester, Illinois 60154 | $2,500.00 |
| Vinci | Nick | 5333 W. Waterbury Way, Crestwood, Illinois 60445 | $5,000.00 |
| Weisbecker | Michael | 6625 North Trumbull Ave., Chicago, IL 60645 | $1,000.00 |
| | | | |
| **TOTAL** | | | **$755,085.14** |

## APPENDIX B: REBATE POOL RESTITUTION AMOUNTS

| NAME AND ADDRESS | AMOUNT |
|---|---|
| Anderson, John<br>1601 Berkeley Way<br>Sacramento, CA 95819 | $800.00 |
| Badger. Charles And Julia<br>P 0 Box 247<br>Grand Rivers Ky | $700.00 |
| Badger, Chad And Latresa<br>2125 Trace C<br>Hayfield KY 42066 | $700.00 |
| Barrett, Warrick<br>9313 Castle Knoll<br>Indianapolis In 42066 | $700.00 |
| Bartkowiak, David<br>9832 Tiffany Drive<br>Ft Wayne, In 46804 | $800.00 |
| Baskin, Carl<br>1800 Harvard Lane<br>New Lenox, Il 60451 | $700.00 |
| Belotti, Joe<br>16106 S Princeton Ave<br>Tinley Park, Il 60477 | $700.00 |
| Bischoff, James & Phyllis<br>6406 S Kildare<br>Chicago Il, 60629 | $700.00 |
| Chilow, Steve<br>21110 West - 5830 North<br>St George, Ut 84770 | $700.00 |
| Cioe, Joseph<br>304 Queen Eleanor Drive<br>Schererville, In 46375 | $800.00 |
| Cleveland, Mike<br>340 Cleveland Farm Road<br>Sweetwater ,TN 37874 | $800.00 |
| Consola, Tim & Curt<br>14449 Appaloosa Lane<br>Lockport, Il 60441 | $800.00 |
| Cusick, Earl<br>1633 N 44th Avenue<br>Stone Park, Il 60165 | $700.00 |
| Deacetis, Norman<br>8440 W Windsor Ave<br>Chicago, Il 60656 | $800.00 |

## APPENDIX B: REBATE POOL RESTITUTION AMOUNTS

| NAME AND ADDRESS | AMOUNT |
|---|---|
| Delisa, Frank<br>12717 Honore<br>Blue Island, Il 60406 | $700.00 |
| Egan, Anjean<br>8245 Juniper Court<br>Palos Hills, Il 60465 | $700.00 |
| Ella, Wayne<br>13048 W Tanglewood Circle<br>Palos Park, Il 60464 | $700.00 |
| Faught, Ken<br>318 Mckool Avenue<br>Romeoville, Il 60446 | $800.00 |
| Fazio, Michael & Kim<br>5610 56th Ave<br>Countryside, Il 60525 | $800.00 |
| Fikes, Steve<br>10 Sugar Creek Road<br>North Little Rock, AR 72116 | $800.00 |
| Gaskey, Stanley<br>7486 Wright<br>Merrillville, In 46410 | $700.00 |
| Gerstein, Donald<br>568 Grand Point Drive<br>Hot Springs, AR 71901 | $700.00 |
| Goins, Henderson<br>244 N Sumner Avenue<br>Aurora, Il 60505 | $700.00 |
| Grebliunas, Saul<br>1228 Pomegranate Lane<br>Golden, CO 80401 | $800.00 |
| Harrison, Rich<br>5691 Mason Road<br>Mason, OH 45040 | $800.00 |
| Hartman, Ronald<br>27792 Goldin Drive<br>Madison Heights, MI 48071 | $800.00 |
| Heinrich, Ken<br>917 Pacific Ave # 411<br>Tacoma, WA 98402 | $800.00 |
| Herrington, Joan<br>10421 Wyoming Court<br>Orland Park, Il 60467 | $800.00 |

## APPENDIX B: REBATE POOL RESTITUTION AMOUNTS

| NAME AND ADDRESS | AMOUNT |
|---|---|
| Jean, Ernst<br>Po Box 634<br>Malden, MA 02148 | $800.00 |
| Johnson. George<br>705 Surrey Court<br>Streamwood, Il 60107 | $2,700.00 |
| Jones, Richard<br>1208 Via Estio<br>Santa Maria, CA 93454 | $800.00 |
| Koch, Henry<br>9421 W 173rd Street<br>Tinley Park, Il 60477 | $700.00 |
| Kroeske, Sijerand<br>Koninginnelan 4 3851 XX<br>Ermelo Netherlands | $700.00 |
| Kwiatkowski, Mark<br>20057 Pine Grove Court<br>Mokena, Il 60448 | $700.00 |
| Lin, Frederick<br>1572 Diablo Point Court<br>Chula Vista, CA 91911 | $800.00 |
| Lohn. Rick<br>26 Faraday Drive<br>Timonium, MD 21093 | $800.00 |
| Loppnow, Dean<br>4524 Capstan Drive<br>Hoffman Estates, Il 60195 | $800.00 |
| Marsten, Steven<br>508 Circle Drive<br>University Park, Il 60466 | $800.00 |
| Meyer, Don<br>D. Meyer Const Co Inc<br>22 Pierce Ave<br>Midland Park, NJ 07432 | $800.00 |
| Miller, Kenneth<br>10421 Wyoming Court<br>Orland Park, Il 60467 | $700.00 |
| Niemeyer, Edwin and Elaine<br>9655 N Rte 1<br>Grant Park, Il 60940 | $700.00 |
| Owen, James<br>18243 Olde Farm Road<br>Lansing Il 60438 | $700.00 |

## APPENDIX B: REBATE POOL RESTITUTION AMOUNTS

| NAME AND ADDRESS | AMOUNT |
|---|---|
| Palfalvi, Mark<br>36876 Magnolia Street<br>Newark, CA 94560 | $800.00 |
| Panko, Dave<br>W 181 Hwy C<br>St Cloud, WI 53079 | $700.00 |
| Pollick, Judith<br>7229 W 57th Place<br>Summit, Il 60501 | $800.00 |
| Rabenstein, Richard<br>507 Staffa Street<br>W Allenhurst, NJ 07711 | $800.00 |
| Regan, Timothy<br>5330 W Jessica Drive<br>Oak Forest, Il 60452 | $700.00 |
| Roat, Terry<br>7041 W Mather<br>Chicago Ridge, Il 60415 | $700.00 |
| Rogers, Greg<br>10624 S. Drake<br>Chicago Il, 60655 | $700.00 |
| Rosenbaum, Jodie<br>W 181 Hwy C<br>St Cloud, WI 53079 | $800.00 |
| Sanek, Christopher<br>9130 Dewberry Lane<br>Orland Park, Il 60462 | $800.00 |
| Siracusa, Joe<br>36 Longmeadow Road<br>Arlington, MA 02474 | $800.00 |
| Sluga, Dennis<br>575-1 W St Charles Road<br>Elmhurst, Il 60126 | $800.00 |
| Spreitzer, Bill & Joann<br>1005 Read Street<br>Lockport, Il 60441 | $700.00 |
| Stapseth, Gary<br>5 Bridget Court<br>Burr Ridge, Il 60521 | $800.00 |
| Stefaniak, Thomas P<br>P 0 Box 1128<br>Calumet City, Il 60409 | $700.00 |

## APPENDIX B: REBATE POOL RESTITUTION AMOUNTS

| NAME AND ADDRESS | AMOUNT |
|---|---|
| Stratton, Donald<br>9 Orense Way<br>Hot Springs Village, AR 7190 | $700.00 |
| Sutter, Wesley<br>2506 Green Links Drive<br>West Allis, WI 53227 | $700.00 |
| Tablerion, John<br>14345 Ridge Avenue<br>Orland Park, Il 60462 | $700.00 |
| Travis. Brooks<br>3647 Ronald Road<br>Crete, Il 60411 | $700.00 |
| Vinci, Nick<br>5333 W Waterbury Way<br>Crestwood, Il 60445 | $700.00 |
| Whitlow, Robert<br>5826 W West End Ave<br>Chicago, Il 60644 | $700.00 |
| Wilkins, Thomas<br>626 E Woodland Park<br>Chicago, Il 60616 | $700.00 |
| **TOTAL** | $49,000.00 |

# CERTIFICATE OF SERVICE

I, Susan B. Padove, an attorney, hereby certify that on Monday, July 17, 2000, I caused Plaintiff's Motion for Entry of Consent Orders of Permanent Injunction and Other Equitable Relief Against Defendants McGivney, Sr., Koziol, Jr. and JPM, Inc. and Relief Defendants Leslie Wnukowski and Marita McGivney, copies of which are enclosed herewith, to be served upon the following persons, by first-class mail and by facsimile:

Richard Leng
55 West Monroe Street, Suite 2350
Chicago, Illinois 60603

Attorney for:  Joseph P. McGivney, Sr.,
Edwin A. Koziol, Jr.,
JPM Inc.,
Leslie J. Wnukowski, and
Marita McGivney

Joseph P. McGivney, Sr.
5558 Maple Lane
Midlothian, Illinois 60445

As Registered Agent for:  Capital Strategies, Inc.,
JPM2, Inc.,
JPM Commodities, Inc.,
J.P.M. Investments, Inc.,
JPM Traders, Inc.
J.P.M.R., Inc., and
J. Traders, Inc.

Susan B. Padove
Senior Trial Attorney
Division of Enforcement
Commodity Futures Trading Commission
300 South Riverside Plaza
Suite 1600 North
Chicago, IL 60606

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | Civil Action No. 99 C 2357 |
| Plaintiff, | |
| v. | Magistrate Judge Denlow |
| JOSEPH P. McGIVNEY, Sr.,<br>EDWIN A. KOZIOL, Jr.,<br>CAPITAL STRATEGIES, INC.,<br>JPM2, INC.,<br>JPM COMMODITIES, INC.,<br>J.P.M INVESTMENTS, INC.,<br>JPM TRADERS, INC. and<br>JPM, INC., | |
| Defendants; | |
| and | |
| J.P.M.R., INC.,<br>J. TRADERS, INC.,<br>LESLIE WNUKOWSKI and<br>MARITA McGIVNEY, | |
| Relief Defendants. | |

## CONSENT ORDER OF PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF AGAINST EDWIN A. KOZIOL, JR.

### I.

Plaintiff, Commodity Futures Trading Commission ("CFTC" or "Commission"), filed a complaint against defendants Joseph P. McGivney, Sr. ("McGivney"), Edwin A. Koziol, Jr. ("Koziol"), Capital Strategies, Inc. ("Capital"), JPM2, Inc. ("JPM2"), JPM Commodities, Inc. ("JPMC"), JPM Investments, Inc. ("Investments"), JPM Traders, Inc. ("Traders") and JPM, Inc.

("JPM") and relief defendants J.P.M.R., Inc. ("JPMR"), J. Traders, Inc. ("J. Traders"), Leslie

Wnukowski ("Wnukowski") and Marita McGivney ("M. McGivney") on April 12, 1999, seeking

injunctive and other equitable relief for violations of the Commodity Exchange Act, as amended

("Act"), 7 U.S.C. §§ 1 et seq. (1994), and the Commission Regulations promulgated thereunder,

17 C.F.R. §§ 1 et seq. (1998). On April 12, 1999, this Court entered a Statutory Restraining

Order against the defendants and relief defendants. This order was subsequently modified, in

part, to permit certain of the defendants to continue to issue and to solicit subscribers for the JPM

hotline.

## II.

## CONSENTS AND AGREEMENTS

To effect settlement of the matters alleged in the complaint against Koziol without a trial

on the merits or any further judicial proceedings, defendant Koziol:

1. Consents to the entry of this Consent Order of Permanent Injunction and Other

Equitable Relief Against Edwin A. Koziol, Jr. ("Order").

2. Affirms that he has agreed to this Order voluntarily, and that no promise or threat has

been made by the Commission or any member, officer, agent or representative thereof, or by any

other person, to induce consent to this Order, other than as set forth specifically herein.

3. Acknowledges service of the Summons and Complaint.

4. Admits jurisdiction of this Court over him and the subject matter of this action

pursuant to Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a) (1994).

5. Admits that venue properly lies with this Court pursuant to Section 6c of the Act,

7 U.S.C. § 13a-1 (1994).

6. Waives:

a. all claims which he may possess under the Equal Access to Justice Act, 5 U.S.C. § 504 (1994) and 28 U.S.C. § 2412 (1994), as amended by Pub. L. No. 104-121, §§ 231-32, 110 Stat. 862-63, and Part 148 of the Regulations, 17 C.F.R. § 148.1, et seq. (1998), relating to, or arising from, this action;

b. any claim of Double Jeopardy based upon the institution of this proceeding or the entry in this proceeding of any order imposing a civil monetary penalty or any other relief;

c. the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, except as provided in paragraph 10 below and set forth in Section III; and

d. all rights of appeal from this Order.

7. Acknowledges that, pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, the Court is not ordering the payment of a civil monetary penalty based upon the accuracy and completeness of Koziol's sworn representations to the Commission concerning his financial condition. Koziol further consents that if at any time following the entry of this Order, the Commission obtains information indicating that Koziol's representations concerning his financial condition were fraudulent, misleading, inaccurate or incomplete in any material respect at the time they were made, the Commission may, at its sole discretion and without prior notice to Koziol, petition the Court for an order requiring Koziol to pay a civil monetary penalty. In connection with any such petition, the only issues shall be whether the financial information provided by Koziol was fraudulent, misleading, inaccurate or incomplete in any material respect at the time such representations were made and the amount of civil monetary penalty to be ordered. In any such petition, the Commission may move the Court to consider all available remedies, including, but not limited to, ordering Koziol to pay funds or assets, directing the forfeiture of any assets, or

3

sanctions for contempt of this Order, and the Commission may also request additional discovery. Koziol may not, by way of defense to such petition, challenge the validity of his consent to this Consent Order, contest the allegations in the Complaint filed by the Commission or the Findings of Fact or Conclusions of Law contained in this Consent Order, or assert that payment of a civil monetary penalty should not be ordered.

8. Agrees that neither Koziol nor any of his agents or employees under his authority or control shall take any action or make any public statement denying, directly or indirectly, any findings or conclusions in the Order, or creating or tending to create, the impression that the Order is without a factual basis; provided, however, that nothing in this provision shall affect Koziol's: (i) testimonial obligations, or (ii) right to take legal positions in other proceedings to which the Commission is not a party. Koziol will undertake all steps necessary to assure that all of his agents and his employees understand and comply with this agreement.

9. Stipulates that the record basis on which this Order may be entered shall consist solely of the Complaint and the findings contained in this Order.

10. Koziol neither admits nor denies the allegations of the Complaint and the findings of fact in this Order. However, Koziol agrees that the parties to this Order intend that all of the findings of fact in this Order shall be given preclusive effect without further proof in any subsequent bankruptcy proceeding filed by, on behalf of, or against Koziol for the purpose of determining whether the restitution obligations of Koziol and/or other payments ordered against him are excepted from discharge. Koziol also consents to the use of the findings contained in this Order, in this proceeding and in any other proceedings brought by the Commission or to which the Commission is a party. Koziol shall provide immediate notice of any bankruptcy

proceeding filed by, on behalf of or against Koziol in the manner required by Section VI Part A. of this Order.

11. Consents to the continued jurisdiction of this Court for the purpose of enforcing the terms and conditions of this Order and for any other purposes relevant to this case.

## III.

## FINDINGS AND CONCLUSIONS

It further appearing to this Court that there is no just reason for delay, and the Court being fully advised in the premises, the Court finds the following:

1. This Court has jurisdiction over Koziol and the subject matter of this action pursuant to Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a) (1994).

2. Venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (1994).

3. The Commission is an independent federal regulatory agency which is charged with the responsibility for administering and enforcing the provisions of the Act, 7 U.S.C. §§ 1 et seq. (1994), and the Regulations promulgated thereunder, 17 C.F.R. §§ 1 et seq. (1998).

4. Koziol, who is 42 years old, resides at 8907 South Melvina, Oak Lawn, Illinois 60453, and has never been registered with the Commission in any capacity.

COMMODITY POOLS FROM 1993 TO 1998

5. Commencing in at least January 1993 to the present, McGivney and Capital, JPM2, JPMC and Traders (hereinafter collectively referred to as the "Corporations") have operated a series of commodity pools and McGivney, Koziol and the Corporations accepted at least $957,583 from 72 investors in those pools from 1993 to 1998.

6. In connection with soliciting and receiving money for investment in commodity futures contracts, McGivney and the Corporations made some or all of the following representations to investors and potential investors in the pools, verbally and in writing:

a. The Capital and JPM2 pools were profitably trading commodity futures;

b. McGivney and the Corporations would repay investors by a certain date, when they knew that their ability to repay depended on their receiving money from new investors;

c. McGivney and the Corporations would pool at least some portion of the investors' money with other investor money and use those funds to trade commodity futures in an account at a futures commission merchant ("FCM"), at a time when McGivney and the Corporations were not trading commodity futures;

d. McGivney, Capital and JPM2 would mail commodity trading account statements to the investors on a monthly or quarterly basis; and

e. Investors in the pools would receive a proportionate share of any realized commodity futures trading profits.

McGivney knew or recklessly disregarded the fact that the foregoing representations were false.

7. The pool agreements between the investors and Capital, JPM2 and JPMC provided that the investors would receive a set amount of interest during the term of their investment, and also the return of their principal at the end of the term, and would be entitled to "bonus interest" from the trading of commodity futures by McGivney and Capital, JPM2 and JPMC, respectively. The "bonus interest" was an "incentive" for the investors to enter into agreements with Capital, JPM2 and JPMC. The Court finds that these agreements suggest that the investors did not bear any risk of loss from the commodity futures trading conducted by McGivney, Capital, JPM2 and JPMC.

8. The pool agreements between the investors and Traders provided that the investors would receive a set amount of interest during the term of their investment, and the return of their principal at the end of the term. In addition, Traders would invest half the investment proceeds into a "special investment account," wherein an investor's funds would be commingled with

those of other investors. The agreements further provided that the investors would be entitled to "their pro-rata share" of the gross profit from trading by Traders in investments which may include commodity futures. The effect of this agreement was to suggest that the investors did not bear any risk of loss from the commodity futures trading conducted by Traders.

9. Prospective participants in the commodity pools relied upon the representations as set forth in paragraph 6 above, and in the language of the pool agreements as set forth in paragraphs 7 and 8 above, in making their decision to invest in the commodity pools.

10. McGivney and Koziol deposited the funds received by them into bank accounts in the names of the Corporations, and both McGivney and Koziol were signatories on those bank accounts. In fact, Koziol controlled the checking accounts for all the Corporations.

11. McGivney and Koziol opened trading accounts for Capital, JPM2, JPMC and JPMR at the following futures commission merchants ("FCMs"): Iowa Grain Company, Quantum Financial Services, Inc. and Rosenthal Collins Group, L.P. The account papers for those accounts authorized both McGivney and Koziol to make the specific commodity trading decisions for the JPM2, Capital and JPMC Pools. In fact, however, McGivney made all the trading decisions for the accounts.

12. Between January 1993 and July 1996, McGivney, Koziol and the Corporations invested a net of only $107,112 in futures trading accounts. During that period, those accounts lost a cumulative total of $78,462.

13. McGivney, Koziol and the Corporations have made no deposits into futures trading accounts since July 1996 and have engaged in no futures trading since August 1996, although McGivney and the Corporations continued to solicit new investors for the Pools.

14. McGivney, Koziol and the Corporations commingled investor funds from the Pools with the Corporations' funds and their personal funds.

15. From January 1993 to the present, McGivney and Koziol used some of the investors' funds to make returns of principal and purported profits to other investors. The Court finds that these payments deceived the pool participants into believing that their funds were being utilized to profitably trade commodity futures.

16. McGivney, Koziol and the Corporations have repaid only $202,498 of the $957,583 they solicited and accepted from investors, and therefore still owe $755,085 to investors. Of this amount:

    a. A total of at least $248,282 is owed to 18 Capital investors;

    b. A total of at least $293,720 is owed to 37 JPM2 investors by JPMR and at least an additional $10,000 is owed to a JPM2 investor by JPMC;

    c. A total of at least $130,583 is owed to 15 JPMC investors; and

    d. A total of at least $72,500 is owed to 3 Traders investors.

17. McGivney and Koziol used nearly all of the approximately $755,085 in investors' funds that they received and did not return over the past six years for their own use and for that of the Corporations. Among other things, McGivney and Koziol used investor funds to compensate themselves, to pay for the operating expenses of the Corporations, the rent, car payments and other personal living expenses of McGivney, and to make payments to relief defendants J. Traders, Wnukowski (McGivney's friend), and M. McGivney (McGivney's ex-wife).

18. McGivney and Koziol knew that the Corporations had not engaged in profitable futures trading or any revenue-generating activities sufficient to repay investors.

8

"PERFORMANCE REBATE" COMMODITY POOL

19. In February 1999, McGivney and JPM began soliciting investors for investment in a commodity pool called the "performance rebate."

20. McGivney and JPM represented to potential participants in this pool that:

    a. This pool would be funded by diverting one-half of JPM's commodity hotline subscriber fees for investment in commodity futures;

    b. The investors' funds would be placed into a specific corporate trading account;

    c. The objective for this trading account was "10 to 1 in 12 months."

The Court finds that McGivney knew or recklessly disregarded that these statements had no basis in fact at the time that he made them.

21. Prospective participants in the performance rebate pool relied upon the representations set forth in paragraph 20 in deciding whether to invest in this commodity pool.

22. McGivney, Koziol and JPM never deposited the performance rebate investors' funds in a specific corporate trading account and never traded commodity futures with their funds.

23. McGivney, Koziol and JPM commingled investor funds from the performance rebate pool with JPM's funds and their personal funds and thereby misappropriated those funds. Among other things, McGivney and Koziol used performance rebate investor funds to compensate themselves, to pay for the operating expenses of JPM, the personal living expenses of McGivney, and to make payments to Wnukowski and M. McGivney.

23. A total of $49,000 is owed to 63 participants in the performance rebate pool.

24. McGivney and Koziol knew that JPM had not engaged in any profitable futures trading or any revenue-generating activities sufficient to repay investors.

9

RELIEF DEFENDANTS

25. From 1993 to the present, McGivney and Koziol paid relief defendant Wnukowski a net amount of $168,920.48 from investor funds, and Wnukowski does not have any legitimate entitlement, as an investor or otherwise, to receive the Pools' investors funds.

26. From 1993 to the present, McGivney and Koziol paid relief defendant M. McGivney a net amount of $100,000 from investor funds, and M. McGivney does not have any legitimate entitlement, as an investor or otherwise, to receive the Pools' investors funds.

## IV.

## ORDER FOR PERMANENT INJUNCTION

**IT IS HEREBY ORDERED THAT:**

1. Koziol is permanently **RESTRAINED, ENJOINED AND PROHIBITED** from directly or indirectly cheating or defrauding or attempting to cheat or defraud other persons in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, made, or to be made, for or on behalf of any other person if such contract for future delivery is or may be used for (A) hedging any transaction in interstate commerce in such commodity or the products or byproducts thereof, or (B) determining the price basis of any transaction in interstate commerce in such commodity, or (C) delivering any such commodity sold, shipped, or received in interstate commerce for the fulfillment thereof, in violation of Section 4b(a)(i) of the Act, 7 U.S.C. § 6b(a)(i) (1994).

2. Koziol is permanently restrained, enjoined and prohibited from directly or indirectly:

   a. trading on or subject to the rules of any contract market;

   b. engaging in, controlling or directing the trading for any commodity interest account for or on behalf of any other person or entity, whether by power of attorney or otherwise; and

c. applying for registration or seeking exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration, or acting as an agent or officer of any person registered, exempted from registration or required to be registered with the Commission. This includes, but is not limited to, soliciting, accepting or receiving any funds, revenue, or other property from any person, giving advice for compensation, or soliciting prospective customers, related to the purchase or sale of any commodity futures or options on commodity futures contracts.

3. The injunctive provisions of this Order shall be binding upon Koziol, upon any person insofar as he or she is acting in the capacity of officer, agent, servant or employee of Koziol, and upon any person who receives actual notice of this Order, by personal service or otherwise, insofar as he or she is acting in active concert or participation with Koziol.

## V.

## ORDER FOR OTHER EQUITABLE RELIEF

IT IS FURTHER ORDERED THAT:

1. RESTITUTION: Koziol shall be jointly and severally liable with McGivney to pay restitution in the amount of in the amount of seven hundred and fifty-five thousand and eighty-five dollars ($755,085) ("Restitution Amount"), plus prejudgment interest of one hundred and fifteen thousand nine hundred and fifty dollars ($115,950), to compensate the persons whose funds Koziol received and disposed of in connection with the Corporations' commodity pools in violation of the statutory and other provisions identified herein, and is jointly and severally liable with McGivney and JPM to pay restitution in the amount of forty-nine thousand dollars ($49,000) (Rebate Pool Restitution Amount), plus prejudgment interest of three thousand six hundred and ninety-three dollars ($3,693), to compensate the persons whose funds Koziol received and disposed of in connection with the Performance Rebate pool in violation of the statutory and other provisions identified herein. Koziol shall pay postjudgment interest from the

date of this Order until the Restitution Amount and the Rebate Pool Restitution Amount are paid in full, at the Treasury Bill rate prevailing on the date of this Order, pursuant to 28 U.S.C. § 1961(a). The persons to whom the Restitution Amount shall be paid and the principal amounts of restitution owed to each are set forth in Appendix A. The persons to whom the Rebate Pool Restitution Amount shall be paid and the principal amounts of restitution owed to each are set forth in Appendix B. Omission from Appendices A or B shall in no way limit the ability of any investor from seeking recovery from Koziol or any other person or entity. Further, the amounts contained in Appendices A or B shall not limit the ability of any investor from proving that a greater amount is owed from Koziol or any other person or entity, and nothing herein shall be construed in any way to limit or abridge the rights of any investor that exist under state or common law.

2. <u>THIRD-PARTY BENEFICIARIES</u>: Pursuant to Rule 71 of the Federal Rules of Civil Procedure, each of the individuals identified in Appendices A and B is explicitly made an intended third-party beneficiary of this Order and, may enforce obedience of this Order to obtain satisfaction of any portion of the Restitution Amount which has not been paid by McGivney or Koziol, to ensure continued compliance with any provision of this Order and to hold Koziol in contempt for any past violations of any provision of this Order.

3. Neither Koziol, McGivney, Wnukowski nor M. McGivney nor any member of their immediate families is entitled to restitution in any amount for any funds invested in JPM, the Performance Rebate Pool or any McGivney commodity pool.

4. <u>COLLATERAL AGREEMENTS</u>: Koziol shall immediately notify the Commission if he makes or has previously made any agreement with any Pool Investor obligating him to make payments outside of this Order. Koziol shall also provide immediate evidence of any payments

made pursuant to such agreement in the manner required by Section VI. paragraph A. Upon

being notified of any payments made by Koziol to pool investors outside of this Order, the

Commission will have the right to reduce and offset Koziol's obligation to specified investors,

on an annual basis, and to make any other changes in the restitution distribution schedule that

they deem appropriate.

     5. <u>TRANSFER OF ASSETS</u>: Koziol shall not transfer or cause others to transfer funds

or other property to the custody, possession, or control of any members of his family or any other

person for the purpose of concealing such funds from the Court, the Commission, or any investor

or until the Restitution Amounts have been paid in full.

     6. <u>CIVIL MONETARY PENALTY</u>: The Court is not ordering the payment of a civil

monetary penalty, pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, based upon the accuracy

and completeness of Koziol's sworn representations to the Commission concerning his financial

condition. If at any time following the entry of this Order, the Commission obtains information

indicating that Koziol's representations concerning his financial condition were fraudulent,

misleading, inaccurate or incomplete in any material respect at the time they were made, the

Commission may, at its sole discretion and without prior notice to Koziol, petition the Court for

an order requiring Koziol to pay a civil monetary penalty. In connection with any such petition,

the only issues shall be whether the financial information provided by Koziol was fraudulent,

misleading, inaccurate or incomplete in any material respect at the time such representations

were made and the amount of civil monetary penalty to be ordered. In any such petition, the

Commission may move the Court to consider all available remedies, including, but not limited

to, ordering Koziol to pay funds or assets, directing the forfeiture of any assets, or sanctions for

contempt of this Order, and the Commission may also request additional discovery. Koziol may

not, by way of defense to such petition, challenge the validity of his consent to this Consent Order, contest the allegations in the Complaint filed by the Commission or the Findings of Fact or Conclusions of Law contained in this Consent Order, or assert that payment of a civil monetary penalty should not be ordered.

7. <u>DEFAULT</u>: Any failure by Koziol to carry out any of the terms, conditions or obligations under any paragraph of this Order shall constitute an Event of Default under this Order. If any Event of Default occurs and, if capable of being cured, is not cured within ten (10) calendar days following the Commission's (or its designee) mailing of notice of such Event of Default to Koziol, the Commission (or its designee) and/or any pool participant identified in Appendices A and B shall be entitled to:

  a.  petition the Court to consider all available remedies including, but not limited to, imposing sanctions for contempt of this Order;

  b.  enforce and take all legal steps necessary to satisfy the Permanent Injunction and otherwise declare the terms and conditions contained in this Order null, void and without legal force;

  c.  pursue Koziol for any and all additional claims and causes of action of any nature, in law or in equity, which the Commission or any pool participant have, may have or may have had against Koziol; and

  d.  use any statement heretofore or hereafter made by Koziol as evidence against him.

Koziol expressly agrees and this Court orders that upon the occurrence of an Event of Default, Koziol will be barred from: (1) asserting any defense, including expiration of any statute of limitations, waiver, estoppel or laches, where such defense is based on the alleged failure of the Commission or any Pool Investor to pursue such claims or causes of action during the pendency of this civil action, during the negotiation of Koziol's agreement to this Consent Order or while this Consent Order remains in effect; and/or (2) objecting to, defending against or otherwise

disputing the non-dischargeability of his obligations, including his obligations under this Consent Order.

## VI.

## MISCELLANEOUS PROVISIONS

A.    NOTICES.  All notices required by any provision in this Order shall be sent by certified mail, return receipt requested, as follows:

Notice to Commission:

> Director, Division of Enforcement
> Commodity Futures Trading Commission
> 1155 21st Street, N.W.
> Washington, D.C.  20581

> And

> Scott R. Williamson
> Deputy Regional Counsel, Division of Enforcement
> Commodity Futures Trading Commission
> 300 South Riverside Plaza
> Suite 1600 North
> Chicago, IL  60606

Notice to Defendant:

> Edwin A. Koziol, Jr.
> 8907 South Melvina
> Oak Lawn, Illinois 60453

Notice to Defendant's Attorney:

> Richard C. Leng
> 55 W. Monroe St., Suite 2350
> Chicago, IL 60603

The defendant must give notice to the Commission within 30 days of any change of his mailing address.

B. ENTIRE AGREEMENT, AMENDMENTS and SEVERABILITY.  This Order incorporates all of the terms and conditions of the settlement among the parties.  Nothing shall serve to amend or modify this Order in any respect whatsoever, unless:  (1) reduced to writing, (2) signed by all parties, and (3) approved by order of the Court.  If any provision of this Order

or the application of any provision or circumstance is held invalid, the remainder of this Order shall not be affected by the holding.

C. <u>WAIVER</u>. The failure of any party at any time or times to require performance of any provision hereof shall in no manner affect the right of such party at a later time to enforce the same or any other provision of this Consent Order. No waiver in one or more instances of the breach of any provision contained in this Order shall be deemed to be, or construed as, a further or continuing waiver of such breach or waiver of the breach of any other provision of this Order.

D. <u>SUCCESSORS AND ASSIGNS</u>. This Order shall inure to the benefit of and be binding on the parties' successors, assigns, heirs, beneficiaries and administrators.

E. <u>ACKNOWLEDGMENT</u>. Upon being served with copies of this Order after entry by the Court, Koziol shall sign an acknowledgment of such service and serve such acknowledgments on the Commission within seven (7) calendar days.

F. Upon being served with copies of this Order after entry by the Court, the Commission shall serve a copy of the Order upon all persons identified as investors in Appendices A and B, within seven (7) calendar days.

G. <u>JURISDICTION</u>. This Court shall retain jurisdiction of this cause to assure compliance with this Order and for all other purposes related to this action.

There being no just reason for delay, the Clerk of the Court is hereby directed to enter this Consent Order of Permanent Injunction and Other Equitable Relief Against Edwin A. Koziol, Jr.

ORDERED this 18th day of July, 2000.

_____
UNITED STATES ~~DISTRICT~~ JUDGE
MAGISTRATE

16

Consented to and
Approved for Entry by:

**DEFENDANT**

_____
Edwin A. Koziol, Jr.
8907 South Melvina
Oak Lawn, IL 60453

Dated: _____3 - 15 - 00_____

_____
Richard C. Leng

Attorney for Defendant
Edwin A. Koziol, Jr.
55 W. Monroe St., Suite 2350
Chicago, IL 60603

**PLAINTIFF**

_____
Susan B. Padove
Senior Trial Attorney

Rosemary Hollinger
Senior Trial Attorney

Scott R. Williamson
Deputy Regional Counsel

Commodity Futures Trading Commission
300 South Riverside Plaza
Suite 1600 North
Chicago, IL 60606

## APPENDIX A: RESTITUTION AMOUNTS

| Last Name | First Name | Address | Amount |
|---|---|---|---|
| Annerino | Thomas J. or Augusta J. | 8453 Hollywood Dr., Orland Park, Illinois 60462 | $50,000.00 |
| Backal | Edward | 6500 W. Route 83, Palos Heights, Illinois 60463 | $25,000.00 |
| Backal | Anna | 8736 S. 50th Ave., Oak Lawn, Illinois 60453 | $60,000.00 |
| Backal Dental Labs Profit Sharing Plan/Edward Backal Trustee | | 6500 W. Route 83, Palos Heights, Illinois 60463 | $45,000.00 |
| Backal-Edward Backal Trustee/Backal Dental Labs | | 6500 W. Route 83, Palos Heights, Illinois 60463 | $19,000.00 |
| Baskin | Carl D. | 2084 Euclid Lane, Richton Park, Illinois 60471 | $10,000.00 |
| Belotti | Joseph A. | 16106 S. Princeton Ave., Tinley Park, Illinois 60477 | $5,000.00 |
| Belotti | Joseph A. or Lucy A. | 16106 S. Princeton Ave., Tinley Park, Illinois 60477 | $5,000.00 |
| Bischoff | James R. & Phyllis A. | 6406 S. Kildare Ave., Chicago, Illinois 60629 | $443.92 |
| Bischoff | James or Phyllis | 6406 S. Kildare Ave., Chicago, Illinois 60629 | $5,000.00 |
| Blonda | Mike or Bonnie | 16758 Westwind Drive, Tinley Park, Illinois 60477 | $5,583.30 |
| Boone | Howard, Jr. & Betty | 8840 W. 131st Place, Orland Park, Illinois 60462 | $5,000.00 |
| Brennan | Linda S. | 9701 S. Ridgeland Ave., OaK Lawn, IL 60453 | $6,500.00 |
| Cassidy | Robert or Joan | 1011 Chatham Place, Vernon Hills, Illinois 60061 | $5,000.00 |
| Delisa | Frank | 12717 Honore Avenue, Blue Island, Illinois 60406 | $5,000.00 |
| Egan | Anjean | 8245 Juniper Court, Palos Hills, Illinois 60465 | $35,000.00 |
| Elia | Wayne | 13048 W. Tanglewood Court, Palos Park, Illinois 60464 | $7,000.00 |
| Ford | Christopher D. | 716 Western Ave., Joliet, IL 60434 | $69,000.00 |
| Gaskey | Stanley K. or Diane L. | 7486 Wright Street, Merrillville, Indiana 46410 | $4,000.00 |
| Goins | Henderson | 244 N. Sumner Ave., Aurora, Illinois 60505 | $1,000.00 |
| Healy | Francis J. | 2625 W. 103rd Place, Chicago, Illinois 60655 | $5,000.00 |
| Healy | Colleen A. | 2625 W. 103rd Place, Chicago, Illinois 60655 | $50,000.00 |
| Heath -John F. Heath and Mary M. Heath declaration of trust #4691 | | 256 N. Raynor Ave., Joliet, Illinois 60435 | $30,000.00 |
| Kearney | Joseph H. | P.O. Box 172, Orland Park, Illinois 60462 | $11,557.92 |
| Kerr | Frederic & Sharon | 10714 Spalding, Chicago, Illinois 60655 | $9,000.00 |
| Klepps | Larry E. | Rte. 1 Box 165E, Berlin, Wisconsin 54923 | $3,000.00 |
| Komperda | Daniel | 3924 Visby Lane, Las Vegas, Nevada 89119 | $10,000.00 |
| Komperda | Richard J. | 15255 South Ave., Suite 303, Orland Park, Illinois 60462 | $30,000.00 |
| Kovach | Joseph | 525 Gordan Avenue, Calumet City, Illinois 60409 | $1,000.00 |
| Krzebiot | Edward W. | 4533 S. Mozart, Chicago, Illinois 60632 | $15,000.00 |

## APPENDIX A: RESTITUTION AMOUNTS

| Last Name | First Name | Address | Amount |
|---|---|---|---|
| Laport | Frank Leonard | 7421 W. 100th Place, Bridgeview, Illinois 60455 | $25,000.00 |
| Maloney | Lawrence E. & Judith A. | 2607 Fairway, Joliet, Illinois 60435 | $5,000.00 |
| Maziarka | Michael R. | 59 Ruggles Court, Orland Park, IL 60467-1925 | $1,000.00 |
| Maziarka | Richard P. & Patricia A. | 6546 W. 107th Street, Chicago Ridge, Illinois 60415 | $4,000.00 |
| McCarthy | Robert J., Jr. | 9869 W. 143rd Street, Orland Park, Illinois 60462 | $2,000.00 |
| McCarthy | Robert J., Sr. | 9869 W. 143rd Street, Orland Park, Illinois 60462 | $5,000.00 |
| McCarthy | Robert J., Sr. & Robert J., Jr. | 9869 W. 143rd Street, Orland Park, Illinois 60462 | $10,000.00 |
| McDonald | Chester & Faye | 17239 S. University, South Holland, Illinois 60473 | $15,000.00 |
| Mostek | Mark | 8855 W. 93rd Street, Hickory Hills, Illinois 60457 | $2,000.00 |
| Mostek | Edward or LaVerne | 8855 W. 93rd Street, Hickory Hills, Illinois 60457 | $6,000.00 |
| Nelson | Michael J. or Emily M. | 11203 S. Sawyer Ave., Chicago, Illinois 60655 | $10,000.00 |
| Niemeyer | Edwin and/or Elaine | 9655 N. Route 1, Grant Park, Illinois 60940-5253 | $12,500.00 |
| Pelnarsch | Thomas E. | 8501 S. 84th Ave., Hickory Hills, Illinois 60457 | $5,000.00 |
| Piekarz | Theodore, Sr. & Patricia | 10838 W. Minnesota Court, Bldg. 16, Unit 72, Orland Park, Illinois 60462 | $4,500.00 |
| Pollick | Judith G. | 7229 W. 57th Street, Summit, Illinois 60501 | $5,000.00 |
| Santor | Leonard | 2957 W. 82nd Street, Chicago, Illinois 60652 | $5,000.00 |
| Sedlak | Robert | 14546 Campbell Ave., Posen, Illinois 60469 | $5,000.00 |
| Sparks | Albert R. & Jeanette A. | 10415 Wyoming Court, Orland Park, Illinois 60462 | $14,000.00 |
| Stefaniak-West Suburban Bank as Custodian for Thomas P. Stefaniak/S.E.P. account #40-8122 | | 17 W 754 22nd Street, Oakbrook Terrace, Illinois 60181 | $15,000.00 |
| Suchocki | Cheryl | 15136 Central Ave., Oak Forest, IL 60452 | $13,500.00 |
| Sutter | Wesley and Mary Ann | 2506 Green Links Drive, West Allis, Wisconsin 53227 | $30,000.00 |
| Tharp | James and Joanne | 8712 W. 121st Street, Palos Park, Illinois 60464 | $20,000.00 |
| Thompson | Bruce E & Claire L. | 1831 S. Norfolk, Westchester, Illinois 60154 | $2,500.00 |
| Vinci | Nick | 5333 W. Waterbury Way, Crestwood, Illinois 60445 | $5,000.00 |
| Weisbecker | Michael | 6625 North Trumbull Ave., Chicago, IL 60645 | $1,000.00 |
| | | | |
| **TOTAL** | | | **$755,085.14** |

## APPENDIX B: REBATE POOL RESTITUTION AMOUNTS

| NAME AND ADDRESS | AMOUNT |
|---|---|
| Anderson, John<br>1601 Berkeley Way<br>Sacramento, CA 95819 | $800.00 |
| Badger. Charles And Julia<br>P 0 Box 247<br>Grand Rivers Ky | $700.00 |
| Badger, Chad And Latresa<br>2125 Trace C<br>Hayfield KY 42066 | $700.00 |
| Barrett, Warrick<br>9313 Castle Knoll<br>Indianapolis In 42066 | $700.00 |
| Bartkowiak, David<br>9832 Tiffany Drive<br>Ft Wayne, In 46804 | $800.00 |
| Baskin, Carl<br>1800 Harvard Lane<br>New Lenox, Il 60451 | $700.00 |
| Belotti, Joe<br>16106 S Princeton Ave<br>Tinley Park, Il 60477 | $700.00 |
| Bischoff, James & Phyllis<br>6406 S Kildare<br>Chicago Il, 60629 | $700.00 |
| Chilow, Steve<br>21110 West - 5830 North<br>St George, Ut 84770 | $700.00 |
| Cioe, Joseph<br>304 Queen Eleanor Drive<br>Schererville, In 46375 | $800.00 |
| Cleveland, Mike<br>340 Cleveland Farm Road<br>Sweetwater ,TN 37874 | $800.00 |
| Consola, Tim & Curt<br>14449 Appaloosa Lane<br>Lockport, Il 60441 | $800.00 |
| Cusick, Earl<br>1633 N 44th Avenue<br>Stone Park, Il 60165 | $700.00 |
| Deacetis, Norman<br>8440 W Windsor Ave<br>Chicago, Il 60656 | $800.00 |

## APPENDIX B: REBATE POOL RESTITUTION AMOUNTS

| NAME AND ADDRESS | AMOUNT |
|---|---|
| Delisa, Frank<br>12717 Honore<br>Blue Island, Il 60406 | $700.00 |
| Egan, Anjean<br>8245 Juniper Court<br>Palos Hills, Il 60465 | $700.00 |
| Ella, Wayne<br>13048 W Tanglewood Circle<br>Palos Park, Il 60464 | $700.00 |
| Faught, Ken<br>318 Mckool Avenue<br>Romeoville, Il 60446 | $800.00 |
| Fazio, Michael & Kim<br>5610 56th Ave<br>Countryside, Il 60525 | $800.00 |
| Fikes, Steve<br>10 Sugar Creek Road<br>North Little Rock, AR 72116 | $800.00 |
| Gaskey, Stanley<br>7486 Wright<br>Merrillville, In 46410 | $700.00 |
| Gerstein, Donald<br>568 Grand Point Drive<br>Hot Springs, AR 71901 | $700.00 |
| Goins, Henderson<br>244 N Sumner Avenue<br>Aurora, Il 60505 | $700.00 |
| Grebliunas, Saul<br>1228 Pomegranate Lane<br>Golden, CO 80401 | $800.00 |
| Harrison, Rich<br>5691 Mason Road<br>Mason, OH 45040 | $800.00 |
| Hartman, Ronald<br>27792 Goldin Drive<br>Madison Heights, MI 48071 | $800.00 |
| Heinrich, Ken<br>917 Pacific Ave # 411<br>Tacoma, WA 98402 | $800.00 |
| Herrington, Joan<br>10421 Wyoming Court<br>Orland Park, Il 60467 | $800.00 |

## APPENDIX B: REBATE POOL RESTITUTION AMOUNTS

| NAME AND ADDRESS | AMOUNT |
|---|---|
| Jean, Ernst<br>Po Box 634<br>Malden, MA 02148 | $800.00 |
| Johnson. George<br>705 Surrey Court<br>Streamwood, Il 60107 | $2,700.00 |
| Jones, Richard<br>1208 Via Estio<br>Santa Maria, CA 93454 | $800.00 |
| Koch, Henry<br>9421 W 173rd Street<br>Tinley Park, Il 60477 | $700.00 |
| Kroeske, Sijerand<br>Koninginnelan 4 3851 XX<br>Ermelo Netherlands | $700.00 |
| Kwiatkowski, Mark<br>20057 Pine Grove Court<br>Mokena, Il 60448 | $700.00 |
| Lin, Frederick<br>1572 Diablo Point Court<br>Chula Vista, CA 91911 | $800.00 |
| Lohn. Rick<br>26 Faraday Drive<br>Timonium, MD 21093 | $800.00 |
| Loppnow, Dean<br>4524 Capstan Drive<br>Hoffman Estates, Il 60195 | $800.00 |
| Marsten, Steven<br>508 Circle Drive<br>University Park, Il 60466 | $800.00 |
| Meyer, Don<br>D. Meyer Const Co Inc<br>22 Pierce Ave<br>Midland Park, NJ 07432 | $800.00 |
| Miller, Kenneth<br>10421 Wyoming Court<br>Orland Park, Il 60467 | $700.00 |
| Niemeyer, Edwin and Elaine<br>9655 N Rte 1<br>Grant Park, Il 60940 | $700.00 |
| Owen, James<br>18243 Olde Farm Road<br>Lansing Il 60438 | $700.00 |

## APPENDIX B: REBATE POOL RESTITUTION AMOUNTS

| NAME AND ADDRESS | AMOUNT |
|---|---|
| Palfalvi, Mark<br>36876 Magnolia Street<br>Newark, CA 94560 | $800.00 |
| Panko, Dave<br>W 181 Hwy C<br>St Cloud, WI 53079 | $700.00 |
| Pollick, Judith<br>7229 W 57th Place<br>Summit, Il 60501 | $800.00 |
| Rabenstein, Richard<br>507 Staffa Street<br>W Allenhurst, NJ 07711 | $800.00 |
| Regan, Timothy<br>5330 W Jessica Drive<br>Oak Forest, Il 60452 | $700.00 |
| Roat, Terry<br>7041 W Mather<br>Chicago Ridge, Il 60415 | $700.00 |
| Rogers, Greg<br>10624 S. Drake<br>Chicago Il, 60655 | $700.00 |
| Rosenbaum, Jodie<br>W 181 Hwy C<br>St Cloud, WI 53079 | $800.00 |
| Sanek, Christopher<br>9130 Dewberry Lane<br>Orland Park, Il 60462 | $800.00 |
| Siracusa, Joe<br>36 Longmeadow Road<br>Arlington, MA 02474 | $800.00 |
| Sluga, Dennis<br>575-1 W St Charles Road<br>Elmhurst, Il 60126 | $800.00 |
| Spreitzer, Bill & Joann<br>1005 Read Street<br>Lockport, Il 60441 | $700.00 |
| Stapseth, Gary<br>5 Bridget Court<br>Burr Ridge, Il 60521 | $800.00 |
| Stefaniak, Thomas P<br>P 0 Box 1128<br>Calumet City, Il 60409 | $700.00 |

## APPENDIX B: REBATE POOL RESTITUTION AMOUNTS

| NAME AND ADDRESS | AMOUNT |
|---|---|
| Stratton, Donald<br>9 Orense Way<br>Hot Springs Village, AR 7190 | $700.00 |
| Sutter, Wesley<br>2506 Green Links Drive<br>West Allis, WI 53227 | $700.00 |
| Tablerion, John<br>14345 Ridge Avenue<br>Orland Park, Il 60462 | $700.00 |
| Travis. Brooks<br>3647 Ronald Road<br>Crete, Il 60411 | $700.00 |
| Vinci, Nick<br>5333 W Waterbury Way<br>Crestwood, Il 60445 | $700.00 |
| Whitlow, Robert<br>5826 W West End Ave<br>Chicago, Il 60644 | $700.00 |
| Wilkins, Thomas<br>626 E Woodland Park<br>Chicago, Il 60616 | $700.00 |
| TOTAL | $49,000.00 |

**FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | : Civil Action No. 99 C 2357 |
| Plaintiff, | : |
| | : |
| v. | : Magistrate Judge Denlow |
| | : |
| JOSEPH P. McGIVNEY, Sr., | : |
| EDWIN A. KOZIOL, Jr., | : |
| CAPITAL STRATEGIES, INC., | : |
| JPM2, INC., | : |
| JPM COMMODITIES, INC., | : |
| J.P.M INVESTMENTS, INC., | : |
| JPM TRADERS, INC. and | : |
| JPM, INC., | : |
| Defendants; | : |
| | : |
| and | : |
| | : |
| J.P.M.R., INC., | : |
| J. TRADERS, INC., | : |
| LESLIE WNUKOWSKI and | : |
| MARITA McGIVNEY, | : |
| Relief Defendants. | : |

DOCKETED
JUL 1 9 2000

## CONSENT ORDER OF PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF AGAINST AGAINST JPM, INC.

### I.

Plaintiff, Commodity Futures Trading Commission ("CFTC" or "Commission"), filed a complaint against defendants Joseph P. McGivney, Sr. ("McGivney"), Edwin A. Koziol, Jr. ("Koziol"), Capital Strategies, Inc. ("Capital"), JPM2, Inc. ("JPM2"), JPM Commodities, Inc. ("JPMC"), JPM Investments, Inc. ("Investments"), JPM Traders, Inc. ("Traders") and JPM, Inc. ("JPM") and relief defendants J.P.M.R., Inc. ("JPMR"), J. Traders, Inc. ("J. Traders"), Leslie

Wnukowski ("Wnukowski") and Marita McGivney ("M. McGivney") on April 12, 1999, seeking

injunctive and other equitable relief for violations of the Commodity Exchange Act, as amended

("Act"), 7 U.S.C. §§ 1 et seq. (1994), and the Commission Regulations promulgated thereunder,

17 C.F.R. §§ 1 et seq. (1998). On April 12, 1999, this Court entered a Statutory Restraining

Order against the defendants and relief defendants. This order was subsequently modified, in

part, to permit certain of the defendants to continue to issue and to solicit subscribers for the JPM

hotline.

## II.

## CONSENTS AND AGREEMENTS

To effect settlement of the matters alleged in the complaint against JPM without a trial on

the merits or any further judicial proceedings, defendant JPM:

1. Consents to the entry of this Consent Order of Permanent Injunction and Other

Equitable Relief Against JPM ("Order").

2. Affirms that JPM has agreed to this Order voluntarily, and that no promise or threat

has been made by the Commission or any member, officer, agent or representative thereof, or by

any other person, to induce consent to this Order, other than as set forth specifically herein.

3. Acknowledges service of the Summons and Complaint.

4. Admits jurisdiction of this Court over it and the subject matter of this action pursuant

to Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a) (1994).

5. Admits that venue properly lies with this Court pursuant to Section 6c of the Act,

7 U.S.C. § 13a-1 (1994).

6. Waives:

a. all claims which it may possess under the Equal Access to Justice Act, 5 U.S.C. § 504

(1994) and 28 U.S.C. § 2412 (1994), as amended by Pub. L. No. 104-121, §§ 231-32, 110 Stat.

862-63, and Part 148 of the Regulations, 17 C.F.R. § 148.1, et seq. (1998), relating to, or arising from, this action;

      b. any claim of Double Jeopardy based upon the institution of this proceeding or the entry in this proceeding of any order imposing a civil monetary penalty or any other relief;

      c. the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, except as provided in paragraph 10 below and set forth in Section III; and

      d. all rights of appeal from this Order.

      7. Acknowledges that, pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, the Court is not ordering the payment of a civil monetary penalty based upon the accuracy and completeness of JPM's sworn representations to the Commission concerning its financial condition. JPM further consents that if at any time following the entry of this Order, the Commission obtains information indicating that JPM's representations concerning its financial condition were fraudulent, misleading, inaccurate or incomplete in any material respect at the time they were made, the Commission may, at its sole discretion and without prior notice to JPM, petition the Court for an order requiring JPM to pay a civil monetary penalty. In connection with any such petition, the only issues shall be whether the financial information provided by JPM was fraudulent, misleading, inaccurate or incomplete in any material respect at the time such representations were made and the amount of civil monetary penalty to be ordered. In any such petition, the Commission may move the Court to consider all available remedies, including, but not limited to, ordering JPM to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Order, and the Commission may also request additional discovery. JPM may not, by way of defense to such petition, challenge the validity of its consent to this

Consent Order, contest the allegations in the Complaint filed by the Commission or the Findings of Fact or Conclusions of Law contained in this Consent Order, or, assert that a civil monetary penalty should not be ordered.

8. Agrees that JPM's agents or employees under its authority or control shall not take any action or make any public statement denying, directly or indirectly, any findings or conclusions in the Order, or creating or tending to create, the impression that the Order is without a factual basis; provided, however, that nothing in this provision shall affect JPM's right to take legal positions in other proceedings to which the Commission is not a party. JPM will undertake all steps necessary to assure that all of its agents and its employees understand and comply with this agreement.

9. Stipulates that the record basis on which this Order may be entered shall consist solely of the Complaint and the findings contained in this Order.

10. JPM neither admits nor denies the allegations of the Complaint and the findings of fact in this Order. However, JPM agrees that the parties to this Order intend that all of the findings of fact in this Order shall be given preclusive effect without further proof in any subsequent bankruptcy proceeding filed by, on behalf of, or against JPM for the purpose of determining whether the restitution obligations of JPM and/or other payments ordered against him are excepted from discharge. JPM also consents to the use of the findings contained in this Order, in this proceeding and in any other proceedings brought by the Commission or to which the Commission is a party. JPM shall provide immediate notice of any bankruptcy proceeding filed by, on behalf of or against JPM in the manner required by Section VI. Part A. of this Order.

11. Consents to the continued jurisdiction of this Court for the purpose of enforcing the terms and conditions of this Order and for any other purposes relevant to this case.

## III.

## FINDINGS AND CONCLUSIONS

It further appearing to this Court that there is no just reason for delay, and the Court being fully advised in the premises, the Court finds the following:

1. This Court has jurisdiction over JPM and the subject matter of this action pursuant to Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a) (1994).

2. Venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (1994).

3. The Commission is an independent federal regulatory agency which is charged with the responsibility for administering and enforcing the provisions of the Act, 7 U.S.C. §§ 1 et seq. (1994), and the Regulations promulgated thereunder, 17 C.F.R. §§ 1 et seq. (1998).

4. JPM is a Nevada corporation whose address is 14500 John Humphrey Drive, Orland Park, Illinois 60462. JPM was incorporated on May 29, 1998 and was revoked on April 1, 1999. JPM has never been registered with the Commission in any capacity. At all relevant times, McGivney was the president and Koziol was the vice-president of JPM.

5. In February 1999, McGivney and JPM began soliciting investors for investment in a commodity pool called the "performance rebate."

6. McGivney and JPM represented to potential participants in this pool that:

    a. This pool would be funded by diverting one-half of JPM's commodity hotline subscriber fees for investment in commodity futures;

    b. The investors' funds would be placed into a specific corporate trading account;

    c. The objective for this trading account was "10 to 1 in 12 months."

The Court finds that McGivney knew or recklessly disregarded that these statements had no basis in fact at the time that he made them.

5

7. Prospective participants in the performance rebate pool relied upon the representations set forth in paragraph 6 in deciding whether to invest in this commodity pool.

8. McGivney and JPM never deposited the performance rebate investors' funds in a specific corporate trading account and never traded commodity futures with their funds.

9. McGivney, Koziol and JPM commingled investor funds from the performance rebate pool with JPM's funds and their personal funds and thereby misappropriated those funds. Among other things, McGivney and Koziol used performance rebate investor funds to compensate themselves, to pay for the operating expenses of JPM, the personal living expenses of McGivney, and to make payments to Wnukowski and M. McGivney.

10. A total of $49,000 is owed to 63 participants in the performance rebate pool.

11. McGivney and Koziol knew that JPM had not engaged in any profitable futures trading or any revenue-generating activities sufficient to repay investors.

RELIEF DEFENDANTS

12. From 1993 to the present, McGivney and, in part, JPM paid relief defendant Wnukowski a net amount of $168,920.48 from investor funds. Wnukowski does not have any legitimate entitlement, as an investor or otherwise, to receive the Pools' investors funds.

13. From 1993 to the present, McGivney and, in part, JPM paid relief defendant M. McGivney a net amount of $100,000 from investor funds, and M. McGivney does not have any legitimate entitlement, as an investor or otherwise, to receive the Pools' investors funds.

## IV.

## ORDER FOR PERMANENT INJUNCTION

**IT IS HEREBY ORDERED THAT:**

1. JPM is permanently **RESTRAINED, ENJOINED AND PROHIBITED** from directly or indirectly:

a. cheating or defrauding or attempting to cheat or defraud other persons in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, made, or to be made, for or on behalf of any other person if such contract for future delivery is or may be used for (A) hedging any transaction in interstate commerce in such commodity or the products or byproducts thereof, or (B) determining the price basis of any transaction in interstate commerce in such commodity, or (C) delivering any such commodity sold, shipped, or received in interstate commerce for the fulfillment thereof, in violation of Section 4b(a)(i) of the Act, 7 U.S.C. § 6b(a)(i) (1994);

b. willfully making or causing to be made to another person any false report or statement thereof, in violation of Section 4b(a)(ii) of the Act, 7 U.S.C. § 6b(a)(ii) (1994);

c. acting as a CPO without being registered with the Commission, in violation of Section 4m(1) of the Act, 7 U.S.C. § 6m(1) (1994);

d. acting as a CTA where registration as a CTA is required, without being registered with the Commission as a CTA, in violation of Section 4m(1) of the Act, 7 U.S.C. § 6m(1) (1994);

e. employing any device, scheme, or artifice to defraud any participant or client or prospective client or participant, or engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or participant or prospective client or prospective participant while acting as a CPO or a CTA, by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly, in violation of Section 4o(1) of the Act, 7 U.S.C. § 6o(1);

f. failing to operate a commodity pool as an entity cognizable as a separate legal entity, in violation of Regulation 4.20(a)(1), 17 C.F.R. § 4.20(a)(1);

g. commingling the property of any pool that it operates or intends to operate with the property of any other person, in violation of Regulation 4.20(c), 17 C.F.R. § 4.20(c); and

h. failing to deliver to prospective pool participants a pool Disclosure Document containing the information set forth in Regulation 4.24, 17 C.F.R. § 4.24, in violation of Regulation 4.21, 17 C.F.R. § 4.21.

2. JPM shall be permanently restrained, enjoined and prohibited from directly or indirectly:

      a. trading on or subject to the rules of any contract market;

      b. engaging in, controlling or directing the trading for any commodity interest account for on behalf of any person or entity, whether by power of attorney or otherwise; and

      c. applying for registration or seeking exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration, or acting as an agent or officer of any person registered, exempted from registration or required to be registered with the Commission. This includes, but is not limited to, soliciting, accepting or receiving any funds, revenue or other property from any person, giving commodity trading advice based on, or tailored to, the commodity interest or cash market positions or other circumstances or characteristics of the particular clients, or soliciting prospective customers, related to the purchase or sale of any commodity futures or options on commodity futures contracts; provided, however, that this shall not apply to the provision of only impersonal commodity trading advice disseminated through media such as Internet web sites, facsimiles and periodicals, if JPM does not exercise discretionary control over its clients' accounts, the advice is not tailored to the financial situation of any specific client, JPM does not have personal contact with its clients concerning investments in commodity futures or commodity options, and all of the information provided to each client is identical.

3. The injunctive provisions of this Order shall be binding upon JPM, upon any person insofar as he or she is acting in the capacity of officer, agent, servant or employee of JPM, and upon any person who receives actual notice of this Order, by personal service or otherwise, insofar as he or she is acting in active concert or participation with JPM.

## <u>ORDER FOR OTHER EQUITABLE RELIEF</u>

IT IS FURTHER ORDERED THAT:

1. <u>RESTITUTION</u>: JPM shall be jointly and severally liable with McGivney and Koziol to pay restitution in the amount of forty-nine thousand dollars ($49,000) (Rebate Pool Restitution Amount), plus prejudgment interest of three thousand six hundred and ninety-three dollars ($3,693), to compensate the persons whose funds JPM received and

disposed of in connection with the Performance Rebate pool in violation of the statutory and other provisions identified herein. JPM shall pay postjudgment interest from the date of this Order until the Rebate Pool Restitution Amount is paid in full, at the Treasury Bill rate prevailing on the date of this Order, pursuant to 28 U.S.C. § 1961(a). The persons to whom the Rebate Pool Restitution Amount shall be paid and the principal amounts of restitution owed to each are set forth in Appendix B. Omission from Appendix B shall in no way limit the ability of any investor from seeking recovery from JPM or any other person or entity. Further, the amounts contained in Appendix B shall not limit the ability of any investor from proving that a greater amount is owed from JPM or any other person or entity, and nothing herein shall be construed in any way to limit or abridge the rights of any investor that exist under state or common law.

2. THIRD-PARTY BENEFICIARIES: Pursuant to Rule 71 of the Federal Rules of Civil Procedure, each of the individuals identified in Appendix B is explicitly made an intended third-party beneficiary of this Order and may enforce obedience of this Order to obtain satisfaction of any portion of the Rebate Pool Restitution Amount which has not been paid by JPM, McGivney or Koziol, to ensure continued compliance with any provision of this Order and to hold JPM in contempt for any past violations of any provision of this Order.

3. Neither McGivney, Koziol, Wnukowski, nor M. McGivney, nor any member of their immediate families are entitled to restitution in any amount for any funds invested in JPM, the Performance Rebate Pool or any McGivney commodity pool.

4. COLLATERAL AGREEMENTS: JPM shall immediately notify the Commission if it makes or has previously made any agreement with any Pool Investor obligating it to make payments outside of this Order. JPM shall also provide immediate evidence of any payments

made pursuant to such agreement in the manner required by Section VI. paragraph A. Upon being notified of any payments made by JPM to pool investors outside of this Order, the Commission will have the right to reduce and offset JPM's obligation to specified investors, on an annual basis, and to make any other changes in the restitution distribution schedule that they deem appropriate.

5. <u>DISGORGEMENT</u>: JPM is ordered to pay forty-nine thousand dollars ($49,000) in disgorgement, representing the amount JPM was unjustifiably enriched from the pools' investors' funds. Payment of disgorgement may be satisfied dollar-for-dollar by its payment of Restitution pursuant to paragraph 1 of this Section, or by payments of disgorgement by relief defendants M. McGivney or Wnukowski.

6. <u>TRANSFER OF ASSETS</u>: JPM shall not transfer or cause others to transfer funds or other property to the custody, possession, or control of any other person for the purpose of concealing such funds from the Court, the Commission, or any investor or until the Restitution Amounts have been paid in full.

7. <u>CIVIL MONETARY PENALTY</u>: The Court is not ordering the payment of a civil monetary penalty, pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, based upon the accuracy and completeness of JPM's sworn representations to the Commission concerning its financial condition. If at any time following the entry of this Order, the Commission obtains information indicating that JPM's representations concerning its financial condition were fraudulent, misleading, inaccurate or incomplete in any material respect at the time they were made, the Commission may, at its sole discretion and without prior notice to JPM, petition the Court for an order requiring JPM to pay a civil monetary penalty. In connection with any such petition, the only issues shall be whether the financial information provided by JPM was fraudulent,

misleading, inaccurate or incomplete in any material respect at the time such representations were made and the amount of civil monetary penalty to be ordered. In any such petition, the Commission may move the Court to consider all available remedies, including, but not limited to, ordering JPM to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Order, and the Commission may also request additional discovery. JPM may not, by way of defense to such petition, challenge the validity of its consent to this Consent Order, contest the allegations in the Complaint filed by the Commission or the Findings of Fact or Conclusions of Law contained in this Consent Order, or assert that a civil monetary penalty should not be ordered.

8. <u>DEFAULT</u>: Any failure by JPM to carry out any of the terms, conditions or obligations under any paragraph of this Order shall constitute an Event of Default under this Order. If any Event of Default occurs and, if capable of being cured, is not cured within ten (10) calendar days following the Commission's (or its designee) mailing of notice of such Event of Default to JPM, the Commission (or its designee) and/or any pool participant identified in Appendix B shall be entitled to:

  a.  petition the Court to consider all available remedies including, but not limited to, imposing sanctions for contempt of this Order;

  b.  enforce and take all legal steps necessary to satisfy the Permanent Injunction and otherwise declare the terms and conditions contained in this Order null, void and without legal force;

  c.  pursue JPM for any and all additional claims and causes of action of any nature, in law or in equity, which the Commission or any pool participant have, may have or may have had against JPM; and

  d.  use any statement heretofore or hereafter made by JPM as evidence against it.

JPM expressly agrees and this Court orders that upon the occurrence of an Event of Default, JPM will be barred from:  (1) asserting any defense, including expiration of any statute of limitations, waiver, estoppel or laches, where such defense is based on the alleged failure of the Commission or any Pool Investor to pursue such claims or causes of action during the pendency of this civil action, during the negotiation of JPM's agreement to this Consent Order or while this Consent Order remains in effect; and/or (2) objecting to, defending against or otherwise disputing the non-dischargeability of his obligations, including his obligations under this Consent Order.

## VI.

## MISCELLANEOUS PROVISIONS

A.     <u>NOTICES</u>.  All notices required by any provision in this Order shall be sent by certified mail, return receipt requested, as follows:

Notice to Commission:

Director, Division of Enforcement
Commodity Futures Trading Commission
1155 21st Street, N.W.
Washington, D.C.  20581

And

Scott R. Williamson
Deputy Regional Counsel, Division of Enforcement
Commodity Futures Trading Commission
300 South Riverside Plaza
Suite 1600 North
Chicago, IL  60606

Notice to Defendant:

JPM, Inc.
14500 Humphrey Drive
Orland Park, Illinois 60462

Notice to Defendant's Attorney: Richard C. Leng
55 W. Monroe St., Suite 2350
Chicago, IL 60603

The defendant must give notice to the Commission within 30 days of any change of its mailing address.

B.  ENTIRE AGREEMENT, AMENDMENTS and SEVERABILITY.  This Order incorporates all of the terms and conditions of the settlement among the parties.  Nothing shall serve to amend or modify this Order in any respect whatsoever, unless:  (1) reduced to writing, (2) signed by all parties, and (3) approved by order of the Court.  If any provision of this Order or the application of any provision or circumstance is held invalid, the remainder of this Order shall not be affected by the holding.

C.  WAIVER.  The failure of any party at any time or times to require performance of any provision hereof shall in no manner affect the right of such party at a later time to enforce the same or any other provision of this Consent Order.  No waiver in one or more instances of the breach of any provision contained in this Order shall be deemed to be, or construed as, a further or continuing waiver of such breach or waiver of the breach of any other provision of this Order.

D.  SUCCESSORS AND ASSIGNS.  This Order shall inure to the benefit of and be binding on the parties' successors, assigns, heirs, beneficiaries and administrators.

E.  ACKNOWLEDGMENT.  Upon being served with copies of this Order after entry by the Court, JPM shall sign an acknowledgment of such service and serve such acknowledgments on the Commission within seven (7) calendar days.

F. Upon being served with copies of this Order after entry by the Court, the Commission shall serve a copy of the Order upon all persons identified as investors in Appendix B, within seven (7) calendar days.

G. JURISDICTION. This Court shall retain jurisdiction of this cause to assure compliance with this Order and for all other purposes related to this action.

There being no just reason for delay, the Clerk of the Court is hereby directed to enter this Consent Order of Permanent Injunction and Other Equitable Relief Against JPM

ORDERED this 18th day of July, 2000.

_____
UNITED STATES ~~DISTRICT~~ JUDGE
MAGISTRATE

Consented to and
Approved for Entry by:

**DEFENDANT**

_____
Joseph P. McGivney, Sr.
President
JPM, Inc.
14500 John Humphrey Drive
Orland Park, IL 60462

Dated: __4/13/00__

_____
Richard C. Leng

Attorney for Defendant JPM, Inc.
55 W. Monroe St., Suite 2350
Chicago, IL 60603

**PLAINTIFF**

_____
Susan B. Padove
Senior Trial Attorney

Rosemary Hollinger
Senior Trial Attorney

Scott R. Williamson
Deputy Regional Counsel

Commodity Futures Trading Commission
300 South Riverside Plaza
Suite 1600 North
Chicago, IL 60606

## APPENDIX B: REBATE POOL RESTITUTION AMOUNTS

| NAME AND ADDRESS | AMOUNT |
|---|---|
| Anderson, John<br>1601 Berkeley Way<br>Sacramento, CA 95819 | $800.00 |
| Badger. Charles And Julia<br>P 0 Box 247<br>Grand Rivers Ky | $700.00 |
| Badger, Chad And Latresa<br>2125 Trace C<br>Hayfield KY 42066 | $700.00 |
| Barrett, Warrick<br>9313 Castle Knoll<br>Indianapolis In 42066 | $700.00 |
| Bartkowiak, David<br>9832 Tiffany Drive<br>Ft Wayne, In 46804 | $800.00 |
| Baskin, Carl<br>1800 Harvard Lane<br>New Lenox, Il 60451 | $700.00 |
| Belotti, Joe<br>16106 S Princeton Ave<br>Tinley Park, Il 60477 | $700.00 |
| Bischoff, James & Phyllis<br>6406 S Kildare<br>Chicago Il, 60629 | $700.00 |
| Chilow, Steve<br>21110 West - 5830 North<br>St George, Ut 84770 | $700.00 |
| Cioe, Joseph<br>304 Queen Eleanor Drive<br>Schererville, In 46375 | $800.00 |
| Cleveland, Mike<br>340 Cleveland Farm Road<br>Sweetwater ,TN 37874 | $800.00 |
| Consola, Tim & Curt<br>14449 Appaloosa Lane<br>Lockport, Il 60441 | $800.00 |
| Cusick, Earl<br>1633 N 44th Avenue<br>Stone Park, Il 60165 | $700.00 |
| Deacetis, Norman<br>8440 W Windsor Ave<br>Chicago, Il 60656 | $800.00 |

## APPENDIX B: REBATE POOL RESTITUTION AMOUNTS

| NAME AND ADDRESS | AMOUNT |
|---|---|
| Delisa, Frank<br>12717 Honore<br>Blue Island, Il 60406 | $700.00 |
| Egan, Anjean<br>8245 Juniper Court<br>Palos Hills, Il 60465 | $700.00 |
| Ella, Wayne<br>13048 W Tanglewood Circle<br>Palos Park, Il 60464 | $700.00 |
| Faught, Ken<br>318 Mckool Avenue<br>Romeoville, Il 60446 | $800.00 |
| Fazio, Michael & Kim<br>5610 56th Ave<br>Countryside, Il 60525 | $800.00 |
| Fikes, Steve<br>10 Sugar Creek Road<br>North Little Rock, AR 72116 | $800.00 |
| Gaskey, Stanley<br>7486 Wright<br>Merrillville, In 46410 | $700.00 |
| Gerstein, Donald<br>568 Grand Point Drive<br>Hot Springs, AR 71901 | $700.00 |
| Goins, Henderson<br>244 N Sumner Avenue<br>Aurora, Il 60505 | $700.00 |
| Grebliunas, Saul<br>1228 Pomegranate Lane<br>Golden, CO 80401 | $800.00 |
| Harrison, Rich<br>5691 Mason Road<br>Mason, OH 45040 | $800.00 |
| Hartman, Ronald<br>27792 Goldin Drive<br>Madison Heights, MI 48071 | $800.00 |
| Heinrich, Ken<br>917 Pacific Ave # 411<br>Tacoma, WA 98402 | $800.00 |
| Herrington, Joan<br>10421 Wyoming Court<br>Orland Park, Il 60467 | $800.00 |

## APPENDIX B: REBATE POOL RESTITUTION AMOUNTS

| NAME AND ADDRESS | AMOUNT |
|---|---|
| Jean, Ernst<br>Po Box 634<br>Malden, MA 02148 | $800.00 |
| Johnson. George<br>705 Surrey Court<br>Streamwood, Il 60107 | $2,700.00 |
| Jones, Richard<br>1208 Via Estio<br>Santa Maria, CA 93454 | $800.00 |
| Koch, Henry<br>9421 W 173rd Street<br>Tinley Park, Il 60477 | $700.00 |
| Kroeske, Sijerand<br>Koninginnelan 4 3851 XX<br>Ermelo Netherlands | $700.00 |
| Kwiatkowski, Mark<br>20057 Pine Grove Court<br>Mokena, Il 60448 | $700.00 |
| Lin, Frederick<br>1572 Diablo Point Court<br>Chula Vista, CA 91911 | $800.00 |
| Lohn. Rick<br>26 Faraday Drive<br>Timonium, MD 21093 | $800.00 |
| Loppnow, Dean<br>4524 Capstan Drive<br>Hoffman Estates, Il 60195 | $800.00 |
| Marsten, Steven<br>508 Circle Drive<br>University Park, Il 60466 | $800.00 |
| Meyer, Don<br>D. Meyer Const Co Inc<br>22 Pierce Ave<br>Midland Park, NJ 07432 | $800.00 |
| Miller, Kenneth<br>10421 Wyoming Court<br>Orland Park, Il 60467 | $700.00 |
| Niemeyer, Edwin and Elaine<br>9655 N Rte 1<br>Grant Park, Il 60940 | $700.00 |
| Owen, James<br>18243 Olde Farm Road<br>Lansing Il 60438 | $700.00 |

## APPENDIX B: REBATE POOL RESTITUTION AMOUNTS

| NAME AND ADDRESS | AMOUNT |
|---|---|
| Palfalvi, Mark<br>36876 Magnolia Street<br>Newark, CA 94560 | $800.00 |
| Panko, Dave<br>W 181 Hwy C<br>St Cloud, WI 53079 | $700.00 |
| Pollick, Judith<br>7229 W 57th Place<br>Summit, Il 60501 | $800.00 |
| Rabenstein, Richard<br>507 Staffa Street<br>W Allenhurst, NJ 07711 | $800.00 |
| Regan, Timothy<br>5330 W Jessica Drive<br>Oak Forest, Il 60452 | $700.00 |
| Roat, Terry<br>7041 W Mather<br>Chicago Ridge, Il 60415 | $700.00 |
| Rogers, Greg<br>10624 S. Drake<br>Chicago Il, 60655 | $700.00 |
| Rosenbaum, Jodie<br>W 181 Hwy C<br>St Cloud, WI 53079 | $800.00 |
| Sanek, Christopher<br>9130 Dewberry Lane<br>Orland Park, Il 60462 | $800.00 |
| Siracusa, Joe<br>36 Longmeadow Road<br>Arlington, MA 02474 | $800.00 |
| Sluga, Dennis<br>575-1 W St Charles Road<br>Elmhurst, Il 60126 | $800.00 |
| Spreitzer, Bill & Joann<br>1005 Read Street<br>Lockport, Il 60441 | $700.00 |
| Stapseth, Gary<br>5 Bridget Court<br>Burr Ridge, Il 60521 | $800.00 |
| Stefaniak, Thomas P<br>P 0 Box 1128<br>Calumet City, Il 60409 | $700.00 |

## APPENDIX B: REBATE POOL RESTITUTION AMOUNTS

| NAME AND ADDRESS | AMOUNT |
|---|---|
| Stratton, Donald | $700.00 |
| 9 Orense Way | |
| Hot Springs Village, AR 7190 | |
| | |
| Sutter, Wesley | $700.00 |
| 2506 Green Links Drive | |
| West Allis, WI 53227 | |
| | |
| Tablerion, John | $700.00 |
| 14345 Ridge Avenue | |
| Orland Park, Il 60462 | |
| | |
| Travis. Brooks | $700.00 |
| 3647 Ronald Road | |
| Crete, Il 60411 | |
| | |
| Vinci, Nick | $700.00 |
| 5333 W Waterbury Way | |
| Crestwood, Il 60445 | |
| | |
| Whitlow, Robert | $700.00 |
| 5826 W West End Ave | |
| Chicago, Il 60644 | |
| | |
| Wilkins, Thomas | $700.00 |
| 626 E Woodland Park | |
| Chicago, Il 60616 | |
| | |
| | |
| TOTAL | $49,000.00 |

**IN THE UNITED STATES DISTRICT COURT**
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | : Civil Action No. 99 C 2357 |
| Plaintiff, | : |
| v. | : Magistrate Judge Denlow |
| JOSEPH P. McGIVNEY, Sr., EDWIN A. KOZIOL, Jr., CAPITAL STRATEGIES, INC., JPM2, INC., JPM COMMODITIES, INC., J.P.M INVESTMENTS, INC., JPM TRADERS, INC. and JPM, INC., | : |
| Defendants; | : |
| and | : |
| J.P.M.R., INC., J. TRADERS, INC., LESLIE WNUKOWSKI and MARITA McGIVNEY, | : |
| Relief Defendants. | : |



## CONSENT ORDER OF EQUITABLE RELIEF
## AGAINST MARITA McGIVNEY

### I.

Plaintiff, Commodity Futures Trading Commission ("CFTC" or "Commission"),

filed a complaint against defendants Joseph P. McGivney, Sr. ("McGivney"), Edwin A.

Koziol, Jr. ("Koziol"), Capital Strategies, Inc. ("Capital"), JPM2, Inc. ("JPM2"), JPM

Commodities, Inc. ("JPMC"), JPM Investments, Inc. ("Investments"), JPM Traders, Inc.

("Traders") and JPM, Inc. ("JPM") and relief defendants J.P.M.R., Inc. ("JPMR"), J.

Traders, Inc. ("J. Traders"), Leslie Wnukowski ("Wnukowski") and Marita McGivney ("M. McGivney") on April 12, 1999, seeking injunctive and other equitable relief for violations of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. §§ 1 et seq. (1994), and the Commission Regulations promulgated thereunder, 17 C.F.R. §§ 1 et seq. (1998). On April 12, 1999, this Court entered a Statutory Restraining Order against the defendants and relief defendants.

## II.

## CONSENTS AND AGREEMENTS

To effect settlement of the matters alleged in the complaint against M. McGivney without a trial on the merits or any further judicial proceedings, relief defendant M. McGivney:

1. Consents to the entry of this Consent Order of Equitable Relief Against Marita McGivney ("Order").

2. Affirms that she has agreed to this Order voluntarily, and that no promise or threat has been made by the Commission or any member, officer, agent or representative thereof, or by any other person, to induce consent to this Order, other than as set forth specifically herein.

3. Acknowledges service of the Summons and Complaint.

4. Admits jurisdiction of this Court over her and the subject matter of this action pursuant to Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a) (1994).

5. Admits that venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (1994).

6. Waives:

a. all claims which she may possess under the Equal Access to Justice Act,

5 U.S.C. § 504 (1994) and 28 U.S.C. § 2412 (1994), as amended by Pub. L. No. 104-121,

§§ 231-32, 110 Stat. 862-63, and Part 148 of the Regulations, 17 C.F.R. § 148.1, et seq.

(1998), relating to, or arising from, this action;

b. any claim of Double Jeopardy based upon the institution of this proceeding or

the entry in this proceeding of any order imposing a civil monetary penalty or any other

relief;

c. the entry of findings of fact and conclusions of law pursuant to Rule 52 of the

Federal Rules of Civil Procedure, except as provided in part III below; and

d. all rights of appeal from this Order.

7. Acknowledges that, pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, the

Court is not ordering the immediate payment of disgorgement except as provided in

Section IV, paragraphs 1 and 2 of this Order, based upon the accuracy and completeness

of M. McGivney's sworn representations to the Commission concerning her financial

condition. M. McGivney further consents that if at any time following the entry of this

Order, the Commission obtains information indicating that M. McGivney's

representations concerning her financial condition were fraudulent, misleading,

inaccurate or incomplete in any material respect at the time they were made, the

Commission may, at its sole discretion and without prior notice to M. McGivney, petition

the Court for an order requiring M. McGivney to pay immediate disgorgement. In

connection with any such petition, the only issues shall be whether the financial

information provided by M. McGivney was fraudulent, misleading, inaccurate or

incomplete in any material respect at the time such representations were made. In any

such petition, the Commission may move the Court to consider all available remedies, including, but not limited to, ordering M. McGivney to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Order, and the Commission may also request additional discovery. M. McGivney may not, by way of defense to such petition, challenge the validity of her consent to this Consent Order, contest the allegations in the Complaint filed by the Commission or the Findings of Fact and Conclusions of Law contained in this Consent Order, contest the amount of disgorgement and/or interest, or assert that payment of disgorgement should not be ordered.

8. Stipulates that the record basis on which this Order may be entered shall consist solely of the Complaint and the findings contained in this Order.

9. M. McGivney admits the findings of fact in this Order.

10. Consents to the continued jurisdiction of this Court for the purpose of enforcing the terms and conditions of this Order and for any other purposes relevant to this case.

## III.

## FINDINGS AND CONCLUSIONS

It further appearing to this Court that there is no just reason for delay, and the Court being fully advised in the premises, M. McGivney admits the following:

1. This Court has jurisdiction over M. McGivney and the subject matter of this action pursuant to Section 6c(a) the Act, 7 U.S.C. § 13a-1(a)(1994).

2. Venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (1994).

3.  The Commission is an independent federal regulatory agency which is charged with the responsibility for administering and enforcing the provisions of the Act, 7 U.S.C. §§ 1 et seq. (1994), and the Regulations promulgated thereunder, 17 C.F.R. §§ 1 et seq. (1998).

4.  M. McGivney, who is 59 years old, resides at 14470 Jefferson Avenue, Apt. 1N, Orland Park, Illinois 60462-2525. M. McGivney has never been registered with the Commission in any capacity.

5.  Commencing in at least January 1993 to the present, M. McGivney has received from McGivney the net sum of $100,000 from commodity pool investor funds.

6.  M. McGivney does not have any legitimate entitlement, as an investor or otherwise, to receive the commodity pools' investors' funds.

**IV.**

**ORDER FOR EQUITABLE RELIEF**

IT IS ORDERED THAT:

1.  <u>DISGORGEMENT</u>: M. McGivney is ordered to pay one hundred thousand dollars ($100,000) in disgorgement ("M. McGivney Disgorgement Amount"), representing the amount M. McGivney was unjustifiably enriched from the pools' investors' funds. M. McGivney shall pay post-judgment interest from the date of this Order until the M. McGivney Disgorgement Amount is paid in full, at the Treasury Bill rate prevailing on the date of this Order, pursuant to 28 U.S.C. § 1961(a).

The persons to whom the M. McGivney Disgorgement Amount shall be paid are set forth in Appendices A and B and shall be distributed to them on a pro

rata basis relative to the amount of money that they are owed as restitution by McGivney.

2. <u>DEFERRAL OF DISGORGEMENT OBLIGATION</u>: For a period of three (3) years after the date of this Order against M. McGivney for payment of disgorgement, M. McGivney shall not be required to pay the disgorgement, based upon the accuracy and completion of her sworn representations to the Commission concerning her financial condition. After the expiration of three (3) years, the Commission is authorized to execute on any portion of the M. McGivney Disgorgement Amount that remains unpaid. If at any time following the entry of this Order, the Commission obtains information indicating that M. McGivney's representations concerning her financial condition were fraudulent, misleading, inaccurate or incomplete in any material respect at the time they were made, the Commission may, at its sole discretion and without prior notice to M. McGivney, petition the Court for an order requiring M. McGivney to immediately pay disgorgement. In connection with any such petition, the only issues shall be whether the financial information provided by M. McGivney was fraudulent, misleading, inaccurate or incomplete in any material respect at the time such representations were made. In any such petition, the Commission may move the Court to consider all available remedies, including, but not limited to, ordering M. McGivney to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Order, and the Commission may also request additional discovery. M. McGivney may not, by way of defense to such petition, challenge the validity of her consent to this Consent Order, contest the allegations

in the Complaint filed by the Commission or the Findings of Fact or Conclusions of Law contained in this Consent Order, or assert that immediate disgorgement should not be ordered.

3. CREDIT FOR RESTITUTION PAYMENTS BY McGIVNEY: Before the expiration of three (3) years from the date of this Order, any restitution payments made by McGivney, shall satisfy dollar-for-dollar the disgorgement obligation owed by M. McGivney.

4. THIRD-PARTY BENEFICIARIES: Pursuant to Rule 71 of the Federal Rules of Civil Procedure, each of the individuals identified in Appendices A and B are explicitly made an intended third-party beneficiary of this Order and, after a period of three years from the date of entry of this Order, may enforce obedience of this Order to obtain satisfaction of any portion of the M. McGivney Disgorgement Amount which has not been paid by M. McGivney, to ensure continued compliance with any provision of this Order and to hold M. McGivney in contempt for any past violations of any provision of this Order.

5. Neither M. McGivney, McGivney, Koziol nor Wnukowski, nor any member of their immediate families are entitled to receive funds paid by M. McGivney as disgorgement which are distributed to any commodity pool investor listed on Appendices A and B.

6. COLLATERAL AGREEMENTS: M. McGivney shall immediately notify the Commission if she makes or has previously made any agreement with any Pool Investor obligating her to make payments outside of this Order. M. McGivney shall also provide immediate evidence of any payments made pursuant to such agreement in the manner

required by Section V. paragraph A. Upon being notified of any payments made by M. McGivney to pool investors outside of this Order, the Commission will have the right to make any other changes in the restitution distribution schedule that they deem appropriate.

7. <u>TRANSFER OF ASSETS</u>: M. McGivney shall not transfer or cause others to transfer funds or other property to the custody, possession, or control of any members of her family or any other person for the purpose of concealing such funds from the Court, the Commission, or any investor or until the M. McGivney Disgorgement Amount has been paid in full.

<div align="center">

**V.**

**MISCELLANEOUS PROVISIONS**

</div>

A.     <u>NOTICES</u>. All notices required by any provision in this Order shall be sent by certified mail, return receipt requested, as follows:

Notice to Commission:         Director, Division of Enforcement
Commodity Futures Trading Commission
1155 21st Street, N.W.
Washington, D.C. 20581

                                 and

Scott R. Williamson
Deputy Regional Counsel, Division of Enforcement
Commodity Futures Trading Commission
300 South Riverside Plaza
Suite 1600 North
Chicago, IL 60606

<div align="center">

8

</div>

| Notice to Relief Defendant: | Marita McGivney |
| | 14470 Jefferson Avenue |
| | Apt. 1N |
| | Orland Park, Illinois 60462-2525 |
| Notice to Relief Defendant's Attorney: | Richard C. Leng |
| | 55 W. Monroe St., Suite 2350 |
| | Chicago, IL 60603 |

The defendant must give notice to the Commission within 30 days of any change of her mailing address.

B. <u>ENTIRE AGREEMENT, AMENDMENTS and SEVERABILITY</u>. This Order incorporates all of the terms and conditions of the settlement among the parties. Nothing shall serve to amend or modify this Order in any respect whatsoever, unless: (1) reduced to writing, (2) signed by all parties, and (3) approved by order of the Court. If any provision of this Order or the application of any provision or circumstance is held invalid, the remainder of this Order shall not be affected by the holding.

C. <u>WAIVER</u>. The failure of any party at any time or times to require performance of any provision hereof shall in no manner affect the right of such party at a later time to enforce the same or any other provision of this Consent Order. No waiver in one or more instances of the breach of any provision contained in this Order shall be deemed to be, or construed as, a further or continuing waiver of such breach or waiver of the breach of any other provision of this Order.

D. <u>SUCCESSORS AND ASSIGNS</u>. This Order shall inure to the benefit of and be binding on the parties' successors, assigns, heirs, beneficiaries and administrators.

E. ACKNOWLEDGMENT. Upon being served with copies of this Order after entry by the Court, M. McGivney shall sign an acknowledgment of such service and serve such acknowledgments on the Commission within seven (7) calendar days.

F. Upon being served with copies of this Order after entry by the Court, the Commission shall serve a copy of the Order upon all persons identified as investors in Appendices A and B, within seven (7) calendar days.

G. JURISDICTION. This Court shall retain jurisdiction of this cause to assure compliance with this Order and for all other purposes related to this action.

There being no just reason for delay, the Clerk of the Court is hereby directed to enter this Consent Order of Permanent Injunction and Other Equitable Relief Against M. McGivney.

ORDERED this 18th day of July, 2000.

_____
UNITED STATES ~~DISTRICT~~ JUDGE
MAGISTRATE

Consented to and
Approved for Entry by:

**RELIEF DEFENDANT**

*Marita Mc Givney*

Marita McGivney
14470 Jefferson Avenue
Apt. 1N
Orland Park, IL 60462-2525

Dated: **4/13/00**

*Richard C. Leng*

Richard C. Leng

Attorney for Relief Defendant
Marita McGivney
55 W. Monroe St., Suite 2350
Chicago, IL 60603

**PLAINTIFF**

*Susan B. Padove*

Susan B. Padove
Senior Trial Attorney

Rosemary Hollinger
Senior Trial Attorney

Scott R. Williamson
DeputyRegional Counsel

Commodity Futures Trading Commission
300 South Riverside Plaza
Suite 1600 North
Chicago, IL 60606

## APPENDIX A: RESTITUTION AMOUNTS

| Last Name | First Name | Address | Amount |
|---|---|---|---|
| Annerino | Thomas J. or Augusta J. | 8453 Hollywood Dr., Orland Park, Illinois 60462 | $50,000.00 |
| Backal | Edward | 6500 W. Route 83, Palos Heights, Illinois 60463 | $25,000.00 |
| Backal | Anna | 8736 S. 50th Ave., Oak Lawn, Illinois 60453 | $60,000.00 |
| Backal Dental Labs Profit Sharing Plan/Edward Backal Trustee | | 6500 W. Route 83, Palos Heights, Illinois 60463 | $45,000.00 |
| Backal-Edward Backal Trustee/Backal Dental Labs | | 6500 W. Route 83, Palos Heights, Illinois 60463 | $19,000.00 |
| Baskin | Carl D. | 2084 Euclid Lane, Richton Park, Illinois 60471 | $10,000.00 |
| Belotti | Joseph A. | 16106 S. Princeton Ave., Tinley Park, Illinois 60477 | $5,000.00 |
| Belotti | Joseph A. or Lucy A. | 16106 S. Princeton Ave., Tinley Park, Illinois 60477 | $5,000.00 |
| Bischoff | James R. & Phyllis A. | 6406 S. Kildare Ave., Chicago, Illinois 60629 | $443.92 |
| Bischoff | James or Phyllis | 6406 S. Kildare Ave., Chicago, Illinois 60629 | $5,000.00 |
| Blonda | Mike or Bonnie | 16758 Westwind Drive, Tinley Park, Illinois 60477 | $5,583.30 |
| Boone | Howard, Jr. & Betty | 8840 W. 131st Place, Orland Park, Illinois 60462 | $5,000.00 |
| Brennan | Linda S. | 9701 S. Ridgeland Ave., OaK Lawn, IL 60453 | $6,500.00 |
| Cassidy | Robert or Joan | 1011 Chatham Place, Vernon Hills, Illinois 60061 | $5,000.00 |
| Delisa | Frank | 12717 Honore Avenue, Blue Island, Illinois 60406 | $5,000.00 |
| Egan | Anjean | 8245 Juniper Court, Palos Hills, Illinois 60465 | $35,000.00 |
| Elia | Wayne | 13048 W. Tanglewood Court, Palos Park, Illinois 60464 | $7,000.00 |
| Ford | Christopher D. | 716 Western Ave., Joliet, IL 60434 | $69,000.00 |
| Gaskey | Stanley K. or Diane L. | 7486 Wright Street, Merrillville, Indiana 46410 | $4,000.00 |
| Goins | Henderson | 244 N. Sumner Ave., Aurora, Illinois 60505 | $1,000.00 |
| Healy | Francis J. | 2625 W. 103rd Place, Chicago, Illinois 60655 | $5,000.00 |
| Healy | Colleen A. | 2625 W. 103rd Place, Chicago, Illinois 60655 | $50,000.00 |
| Heath -John F. Heath and Mary M. Heath declaration of trust #4691 | | 256 N. Raynor Ave., Joliet, Illinois 60435 | $30,000.00 |
| Kearney | Joseph H. | P.O. Box 172, Orland Park, Illinois 60462 | $11,557.92 |
| Kerr | Frederic & Sharon | 10714 Spalding, Chicago, Illinois 60655 | $9,000.00 |
| Klepps | Larry E. | Rte. 1 Box 165E, Berlin, Wisconsin 54923 | $3,000.00 |
| Komperda | Daniel | 3924 Visby Lane, Las Vegas, Nevada 89119 | $10,000.00 |
| Komperda | Richard J. | 15255 South Ave., Suite 303, Orland Park, Illinois 60462 | $30,000.00 |
| Kovach | Joseph | 525 Gordan Avenue, Calumet City, Illinois 60409 | $1,000.00 |
| Krzebiot | Edward W. | 4533 S. Mozart, Chicago, Illinois 60632 | $15,000.00 |

## APPENDIX A: RESTITUTION AMOUNTS

| Last Name | First Name | Address | Amount |
|---|---|---|---|
| Laport | Frank Leonard | 7421 W. 100th Place, Bridgeview, Illinois 60455 | $25,000.00 |
| Maloney | Lawrence E. & Judith A. | 2607 Fairway, Joliet, Illinois 60435 | $5,000.00 |
| Maziarka | Michael R. | 59 Ruggles Court, Orland Park, IL 60467-1925 | $1,000.00 |
| Maziarka | Richard P. & Patricia A. | 6546 W. 107th Street, Chicago Ridge, Illinois 60415 | $4,000.00 |
| McCarthy | Robert J., Jr. | 9869 W. 143rd Street, Orland Park, Illinois 60462 | $2,000.00 |
| McCarthy | Robert J., Sr. | 9869 W. 143rd Street, Orland Park, Illinois 60462 | $5,000.00 |
| McCarthy | Robert J., Sr. & Robert J., Jr. | 9869 W. 143rd Street, Orland Park, Illinois 60462 | $10,000.00 |
| McDonald | Chester & Faye | 17239 S. University, South Holland, Illinois 60473 | $15,000.00 |
| Mostek | Mark | 8855 W. 93rd Street, Hickory Hills, Illinois 60457 | $2,000.00 |
| Mostek | Edward or LaVerne | 8855 W. 93rd Street, Hickory Hills, Illinois 60457 | $6,000.00 |
| Nelson | Michael J. or Emily M. | 11203 S. Sawyer Ave., Chicago, Illinois 60655 | $10,000.00 |
| Niemeyer | Edwin and/or Elaine | 9655 N. Route 1, Grant Park, Illinois 60940-5253 | $12,500.00 |
| Pelnarsch | Thomas E. | 8501 S. 84th Ave., Hickory Hills, Illinois 60457 | $5,000.00 |
| Piekarz | Theodore, Sr. & Patricia | 10838 W. Minnesota Court, Bldg. 16, Unit 72, Orland Park, Illinois 60462 | $4,500.00 |
| Pollick | Judith G. | 7229 W. 57th Street, Summit, Illinois 60501 | $5,000.00 |
| Santor | Leonard | 2957 W. 82nd Street, Chicago, Illinois 60652 | $5,000.00 |
| Sedlak | Robert | 14546 Campbell Ave., Posen, Illinois 60469 | $5,000.00 |
| Sparks | Albert R. & Jeanette A. | 10415 Wyoming Court, Orland Park, Illinois 60462 | $14,000.00 |
| Stefaniak-West Suburban Bank as Custodian for Thomas P. Stefaniak/S.E.P. account #40-8122 | | 17 W 754 22nd Street, Oakbrook Terrace, Illinois 60181 | $15,000.00 |
| Suchocki | Cheryl | 15136 Central Ave., Oak Forest, IL 60452 | $13,500.00 |
| Sutter | Wesley and Mary Ann | 2506 Green Links Drive, West Allis, Wisconsin 53227 | $30,000.00 |
| Tharp | James and Joanne | 8712 W. 121st Street, Palos Park, Illinois 60464 | $20,000.00 |
| Thompson | Bruce E & Claire L. | 1831 S. Norfolk, Westchester, Illinois 60154 | $2,500.00 |
| Vinci | Nick | 5333 W. Waterbury Way, Crestwood, Illinois 60445 | $5,000.00 |
| Weisbecker | Michael | 6625 North Trumbull Ave., Chicago, IL 60645 | $1,000.00 |
| **TOTAL** | | | **$755,085.14** |

## APPENDIX B: REBATE POOL RESTITUTION AMOUNTS

| NAME AND ADDRESS | AMOUNT |
|---|---|
| Anderson, John<br>1601 Berkeley Way<br>Sacramento, CA 95819 | $800.00 |
| Badger. Charles And Julia<br>P 0 Box 247<br>Grand Rivers Ky | $700.00 |
| Badger, Chad And Latresa<br>2125 Trace C<br>Hayfield KY 42066 | $700.00 |
| Barrett, Warrick<br>9313 Castle Knoll<br>Indianapolis In 42066 | $700.00 |
| Bartkowiak, David<br>9832 Tiffany Drive<br>Ft Wayne, In 46804 | $800.00 |
| Baskin, Carl<br>1800 Harvard Lane<br>New Lenox, Il 60451 | $700.00 |
| Belotti, Joe<br>16106 S Princeton Ave<br>Tinley Park, Il 60477 | $700.00 |
| Bischoff, James & Phyllis<br>6406 S Kildare<br>Chicago Il, 60629 | $700.00 |
| Chilow, Steve<br>21110 West - 5830 North<br>St George, Ut 84770 | $700.00 |
| Cioe, Joseph<br>304 Queen Eleanor Drive<br>Schererville, In 46375 | $800.00 |
| Cleveland, Mike<br>340 Cleveland Farm Road<br>Sweetwater ,TN 37874 | $800.00 |
| Consola, Tim & Curt<br>14449 Appaloosa Lane<br>Lockport, Il 60441 | $800.00 |
| Cusick, Earl<br>1633 N 44th Avenue<br>Stone Park, Il 60165 | $700.00 |
| Deacetis, Norman<br>8440 W Windsor Ave<br>Chicago, Il 60656 | $800.00 |

## APPENDIX B: REBATE POOL RESTITUTION AMOUNTS

| NAME AND ADDRESS | AMOUNT |
|---|---|
| Delisa, Frank<br>12717 Honore<br>Blue Island, Il 60406 | $700.00 |
| Egan, Anjean<br>8245 Juniper Court<br>Palos Hills, Il 60465 | $700.00 |
| Ella, Wayne<br>13048 W Tanglewood Circle<br>Palos Park, Il 60464 | $700.00 |
| Faught, Ken<br>318 Mckool Avenue<br>Romeoville, Il 60446 | $800.00 |
| Fazio, Michael & Kim<br>5610 56th Ave<br>Countryside, Il 60525 | $800.00 |
| Fikes, Steve<br>10 Sugar Creek Road<br>North Little Rock, AR 72116 | $800.00 |
| Gaskey, Stanley<br>7486 Wright<br>Merrillville, In 46410 | $700.00 |
| Gerstein, Donald<br>568 Grand Point Drive<br>Hot Springs, AR 71901 | $700.00 |
| Goins, Henderson<br>244 N Sumner Avenue<br>Aurora, Il 60505 | $700.00 |
| Grebliunas, Saul<br>1228 Pomegranate Lane<br>Golden, CO 80401 | $800.00 |
| Harrison, Rich<br>5691 Mason Road<br>Mason, OH 45040 | $800.00 |
| Hartman, Ronald<br>27792 Goldin Drive<br>Madison Heights, MI 48071 | $800.00 |
| Heinrich, Ken<br>917 Pacific Ave # 411<br>Tacoma, WA 98402 | $800.00 |
| Herrington, Joan<br>10421 Wyoming Court<br>Orland Park, Il 60467 | $800.00 |

## APPENDIX B: REBATE POOL RESTITUTION AMOUNTS

| NAME AND ADDRESS | AMOUNT |
|---|---|
| Jean, Ernst<br>Po Box 634<br>Malden, MA 02148 | $800.00 |
| Johnson. George<br>705 Surrey Court<br>Streamwood, Il 60107 | $2,700.00 |
| Jones, Richard<br>1208 Via Estio<br>Santa Maria, CA 93454 | $800.00 |
| Koch, Henry<br>9421 W 173rd Street<br>Tinley Park, Il 60477 | $700.00 |
| Kroeske, Sijerand<br>Koninginnelan 4 3851 XX<br>Ermelo Netherlands | $700.00 |
| Kwiatkowski, Mark<br>20057 Pine Grove Court<br>Mokena, Il 60448 | $700.00 |
| Lin, Frederick<br>1572 Diablo Point Court<br>Chula Vista, CA 91911 | $800.00 |
| Lohn. Rick<br>26 Faraday Drive<br>Timonium, MD 21093 | $800.00 |
| Loppnow, Dean<br>4524 Capstan Drive<br>Hoffman Estates, Il 60195 | $800.00 |
| Marsten, Steven<br>508 Circle Drive<br>University Park, Il 60466 | $800.00 |
| Meyer, Don<br>D. Meyer Const Co Inc<br>22 Pierce Ave<br>Midland Park, NJ 07432 | $800.00 |
| Miller, Kenneth<br>10421 Wyoming Court<br>Orland Park, Il 60467 | $700.00 |
| Niemeyer, Edwin and Elaine<br>9655 N Rte 1<br>Grant Park, Il 60940 | $700.00 |
| Owen, James<br>18243 Olde Farm Road<br>Lansing Il 60438 | $700.00 |

## APPENDIX B: REBATE POOL RESTITUTION AMOUNTS

| NAME AND ADDRESS | AMOUNT |
|---|---|
| Palfalvi, Mark<br>36876 Magnolia Street<br>Newark, CA 94560 | $800.00 |
| Panko, Dave<br>W 181 Hwy C<br>St Cloud, WI 53079 | $700.00 |
| Pollick, Judith<br>7229 W 57th Place<br>Summit, Il 60501 | $800.00 |
| Rabenstein, Richard<br>507 Staffa Street<br>W Allenhurst, NJ 07711 | $800.00 |
| Regan, Timothy<br>5330 W Jessica Drive<br>Oak Forest, Il 60452 | $700.00 |
| Roat, Terry<br>7041 W Mather<br>Chicago Ridge, Il 60415 | $700.00 |
| Rogers, Greg<br>10624 S. Drake<br>Chicago Il, 60655 | $700.00 |
| Rosenbaum, Jodie<br>W 181 Hwy C<br>St Cloud, WI 53079 | $800.00 |
| Sanek, Christopher<br>9130 Dewberry Lane<br>Orland Park, Il 60462 | $800.00 |
| Siracusa, Joe<br>36 Longmeadow Road<br>Arlington, MA 02474 | $800.00 |
| Sluga, Dennis<br>575-1 W St Charles Road<br>Elmhurst, Il 60126 | $800.00 |
| Spreitzer, Bill & Joann<br>1005 Read Street<br>Lockport, Il 60441 | $700.00 |
| Stapseth, Gary<br>5 Bridget Court<br>Burr Ridge, Il 60521 | $800.00 |
| Stefaniak, Thomas P<br>P 0 Box 1128<br>Calumet City, Il 60409 | $700.00 |

## APPENDIX B: REBATE POOL RESTITUTION AMOUNTS

| NAME AND ADDRESS | AMOUNT |
|---|---|
| Stratton, Donald | $700.00 |
| 9 Orense Way | |
| Hot Springs Village, AR 7190 | |
| | |
| Sutter, Wesley | $700.00 |
| 2506 Green Links Drive | |
| West Allis, WI 53227 | |
| | |
| Tablerion, John | $700.00 |
| 14345 Ridge Avenue | |
| Orland Park, Il 60462 | |
| | |
| Travis. Brooks | $700.00 |
| 3647 Ronald Road | |
| Crete, Il 60411 | |
| | |
| Vinci, Nick | $700.00 |
| 5333 W Waterbury Way | |
| Crestwood, Il 60445 | |
| | |
| Whitlow, Robert | $700.00 |
| 5826 W West End Ave | |
| Chicago, Il 60644 | |
| | |
| Wilkins, Thomas | $700.00 |
| 626 E Woodland Park | |
| Chicago, Il 60616 | |
| | |
| | |
| | |
| TOTAL | $49,000.00 |